HAGMAYER v. ALTEN et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. INSOLVENT BANK—ACTION AGAINST STOCKHOLDERS—PARTIES.

    Creditors of an insolvent bank may be made parties to an action by another creditor in behalf of himself and all other creditors to enforce the liability of stockholders, under section 52 of the banking law, after the action is at issue and before it has been noticed for trial.

2. SAME—JUDGMENT.

    No greater judgment can be taken against stockholders of an insolvent bank in an action by a creditor in his own behalf and in behalf of all others to enforce their liability, under section 52 of the banking law, than is demanded in the original complaint, though other creditors are afterwards allowed to be made parties thereto.

3. SAME—LIMITATIONS.
　　The objection that a creditor's claim against stockholders of an insolvent bank, under the liability imposed by section 52 of the banking law, is barred by limitations, is just as available where he is made a party to an action to enforce such liability by another creditor in his own behalf and in behalf of all others as it would be if he came in only under the interlocutory judgment.

4. SAME—RIGHT OF ASSIGNEE OF CLAIM.
　　The assignee of a claim against an insolvent bank has the same rights as his assignor to be made a party to an action by a creditor in his own behalf and in behalf of all others to enforce the liability of its stockholders, under section 52 of the banking law, whether he became assignee before or after the action was begun.

Appeal from special term, New York county.

Action by John E. Hagmayer, suing on his own behalf, and in behalf of all other creditors of the Harlem River Bank, against John C. Alten and others, stockholders of said bank. A motion by John Linck and others to be made parties plaintiff therein was denied, and they appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

George M. Mackeller, for appellants.

Jacob Fromme, Jeroloman & Arrowsmith, Forbes & Haviland, Albert Ritchie, Deyo, Duer & Bauerdorf, Tracy, Boardman & Platt, Sigmund Feuchtwanger, James Kearney, Ralph H. Raphael, and George F. Langbein, for respondents.

VAN BRUNT, P. J. This action was brought by John E. Hagmayer, a creditor of the Harlem River Bank, in his own behalf and in behalf of all other creditors of the bank, against the stockholders of the bank, to enforce the liability of the stockholders, under section 52 of the banking law; the ground of the action being that the bank had become insolvent, and that its assets were and are insufficient to pay its debts. The complaint has been amended several times owing to the necessity of bringing in the personal representatives of deceased defendants. The action is at issue as to all of the defendants who have appeared and served answers, but has not been noticed for trial or put upon the calendar. A motion was made by the appellants for an order making them parties plaintiff in the action with the plaintiffs. The appellant Linck was a member of the firm of Linck & Doenick, who were depositors in the bank at the time of its failure. Doenick had assigned to Linck his interest in the claim of his firm against the bank. The other appellants are assignees of depositors' claims. The motion of the appellants was denied, and from the order denying the motion this appeal has been taken.

Had not the decision in the case of Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, been made by the court of appeals, we should have said that the motion in question was properly denied; and that, having so long delayed their application to be brought in, the appellants should now be compelled to await the interlocutory judgment in this action, and then come in and prove their claims. But this decision has changed very materially what we believed to be the

rights of the parties in behalf of whom actions of this nature are brought; and it would appear that they have no rights whatever until they have been made parties to the action, and that an action like the one at bar can be discontinued by the plaintiff at any time, and without having any regard to the interests of the parties on whose behalf the action is apparently brought. We think that prior to this decision the appellants had a right to rely upon the decision which had been made by this court that, in this form of action, the plaintiff did not represent himself only, but also those upon whose behalf he had confessedly brought the action. It was also apparently the law that the other creditors could not each bring an independent action (Pfohl v. Simpson, 74 N. Y. 137), but that the rights of all must be determined in the one action brought. This view of the law, however, was also pronounced incorrect in the case of Hirshfeld v. Fitzgerald, above cited, where it was held that any creditor might sue, notwithstanding the pendency of an action brought on his behalf; and it is claimed that the appellants should be remitted to their independent action. In view of the apparent difference of decision upon this question by the court of last resort, we do not think that the appellants should be compelled to run the hazard of being finally prevented from proceeding in their independent action, if brought, by the application of the rule laid down in Pfohl v. Simpson, supra.

As to the objection that certain of the defendants are in default, and therefore no greater judgment can be taken against them than that demanded in the original complaint, it may be observed that no greater judgment is taken against them. The action, in any event, results in an interlocutory judgment, which will be the same whether one creditor suing in behalf of all others is the plaintiff, or other creditors are parties plaintiff. All can come in and prove their claims under the interlocutory judgment. The objection of the statute of limitation is just as available as it would have been had the parties come in under the interlocutory judgment. Each creditor has the right to protect himself from a discontinuance of the action by being made a party, and, while he must make his application in due season, he should not be deprived of this right, unless injustice will result. We can see no reason why an assignee of a claim has not the same rights as his assignor, whether he became assignee before or after the commencement of this action, as, even if his assignor had been a party, the assignee can be substituted. The appellants acted with diligence as soon as the law was laid down allowing the discontinuance of this class of actions at the will of the nominal plaintiff.

The order appealed from should be reversed, and motion granted, with $10 costs of appeal to appellant. All concur.