In re GIHON'S WILL. (Supreme Court, Appellate Division, Second Department. October 17, 1899.) In the matter of the probate of the last will and testament of Caroline Remsen Gihon, deceased.

PER CURIAM. Order affirmed, without costs, on respondent executing and filing within 10 days a bond; with sureties, in the penalty of $10,000, conditioned for the restoration of the sum paid to him by the administrator, and interest, in case such restoration may hereafter be directed; bond to be approved as to form and sufficiency of securities by the surrogate. If the respondent fails to give the bond within the time aforesaid, then order reversed, with $10 costs and disbursements to the appellant. See 59 N. Y. Supp. 494, and 60 N. Y. Supp. 65.

GILLIGAN, Respondent, v. TOWN OF WATERFORD, Appellant. (Supreme Court, Appellate Division, Third Department. September 19, 1899.) Action by Edward Gilligan against the town of Waterford. No opinion. Judgment affirmed, with costs.

GILLIGAN, Respondent, v. TOWN OF WATERFORD, Appellant. (Supreme Court, Appellate Division, Third Department. September 27, 1899.) Action by Edward Gilligan against the town of Waterford. No opinion. Motion for a reargument denied.

GINN et al., Appellants, v. O'SULLIVAN et al., Respondents. (Supreme Court, Appellate Division, First Department. October 20, 1899.) Action by Hanora Ginn and another against Edward F. O'Sullivan, individually, etc., and others. J. E. Chandler, for appellants. J. A. Dunn, for respondents. No opinion. Judgment affirmed, with costs, on the authority of In re Keleman, 126 N. Y. 80, 26 N. E. 968.

GORMAN, Respondent, v. McCULLOCH, Appellant. (Supreme Court, Appellate Term. October 4, 1899.) Action by Josephine Gorman against Frances McCulloch. Judgment for plaintiff. Defendant appeals. Reversed. Britton H. Tabor, for appellant. Epstein Bros., for respondent.

PER CURIAM. The result by the trial justice is not satisfactory. The evidence with reference to the nature of the services rendered by the plaintiff and the conditions attached to her employment are not satisfactorily disclosed by the evidence. Therefore justice dictates that there should be a retrial of the cause, in order that more direct and convincing proof upon those questions may be presented. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GOULD ROOFING CO. v. KEEFE. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action by the Gould Roofing Company against John C. Keefe. No opinion. Motion granted, with $10 costs.

GREEN v. SMITH. (Supreme Court, Appellate Division, Fourth Department. September 20, 1899.) Action by William C. Green, as receiver, etc., against E. Ashley Smith. No opinion. Motion denied, with $10 costs.

HAAS et al., Respondents, v. HENDRICKS, Appellant. (Supreme Court, Appellate Term. October 25, 1899.) Action by Samuel Haas and others against Albert Hendricks. From a judgment in favor of plaintiffs, defendant appeals. Reversed. Cardozo Bros., for appellant. Maurice Meyer, for respondents.

PER CURIAM. The record failing to show that the defendant resides within the jurisdiction of the municipal court, the judgment must be reversed. Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

HACKETT, Respondent, v. METROPOLITAN ST. R. CO., Appellant. (Supreme Court, Appellate Term. October 4, 1899.) Action by Lucy Hackett against the Metropolitan Street-Railway Company for damages. From a judgment of the general term (58 N. Y. Supp. 1141), affirming a judgment of the city court in favor of plaintiff, defendant appeals. Affirmed. Henry A. Robinson, for appellant. Michael J. Joyce, for respondent.

FREEDMAN, P. J. An examination of the record in this case discloses a conflict of evidence, and the jury by their verdict adopted the view claimed by the plaintiff on the trial. Under the facts and circumstances shown by the testimony, it was the duty of the court to submit the questions of the freedom from contributory negligence on the part of the plaintiff and the negligence of the defendant to the jury, and there was sufficient evidence upon both branches of the case to authorize the finding made by them. Judgment affirmed, with costs to respondent.

MacLEAN, J., concurs. LEVENTRITT, J., takes no part.

HAGMAYER v. ALTEN et al. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action by John E. Hagmayer against John C. Alten and others. No opinion. Motion denied. See 58 N. Y. Supp. 684.

HARPER, Respondent, v. DELAWARE, L. & W. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. September 12, 1899.) Action by Gertrude Harper, as administratrix, etc., against the Delaware, Lackawanna & Western Railroad Company. No opinion. Motion to go to the court of appeals denied. See 59 N. Y. Supp. 1106.

HELLER v. MANGELS. (Supreme Court, Appellate Division, First Department. October 13, 1899.) Action by Max Heller against William H. Mangels. No opinion. Motion denied. See 59 N. Y. Supp. 1106.

HICKS, Respondent, v. NEW JERSEY CAR-SPRING & RUBBER CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 3, 1899.) Action by John B. Hicks against the New Jersey Car-Spring & Rubber Company. No opinion. Judgment and order affirmed, with costs.