### EQUITABLE TRUST CO. OF NEW YORK v. MACLAIRE.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. STIPULATIONS (§ 13*)—RELIEF AGAINST.

A court has no power to vacate a stipulation of the parties constituting an agreement to settle a controversy before it, as it can only be set aside by an action in a court of equitable jurisdiction.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 67–70; Dec. Dig. § 13.*]

2. COURTS (§ 190*)—QUESTIONS REVIEWABLE.

The Appellate Term, on appeal from a judgment of the Municipal Court dismissing the complaint, has no power to set aside an erroneous order of the Municipal Court vacating a formal agreement of the parties to settle the controversy, except on a reversal of the judgment, though appellant brings up for review the order vacating the agreement; the order not being appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. LIMITATION OF ACTIONS (§ 145*)—ACKNOWLEDGMENT OF DEBT—REMOVAL OF BAR.

An agreement of settlement of a controversy between the parties, which provides for the payment by defendant of an agreed sum in monthly installments, and that until the full amount is paid the action shall be marked "Reserved generally," is not such an acknowledgment of the debt as removes the bar of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 584–588, 590–592; Dec. Dig. § 145.*]

4. STIPULATIONS (§ 16*)—AGREEMENT OF PARTIES—EFFECT.

An agreement of settlement of the controversy, which provides for the payment of an agreed sum in monthly installments, and that until the full amount is paid the action shall be marked "Reserved generally,"

---

*For other cases see same topic & § NUMBER in Dec. & Am Digs. 1907 to date, & Rep'r Indexes

renders it improper for the court to force the action to trial in disregard of the agreement.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 16.*]

5. ATTORNEY AND CLIENT (§ 101*)—SETTLEMENT—POWER OF ATTORNEY.

Where an attorney advised his client that he would try to arrange a settlement, and an agreement to settle the controversy was made, and the party at no time attempted to evade the force thereof by any distinct claim that it was unauthorized by him, the agreement was not made without his authority, and he could not disregard it.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 209–216; Dec. Dig. § 101.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Equitable Trust Company of New York against Raphael MacLaire. From a judgment of the Municipal Court of the City of New York dismissing the complaint, plaintiff appeals, and brings up for review an order vacating a "stipulation" of settlement made between the parties. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

McLear & McLear, of New York City (Herbert G. McLear, of counsel), for appellant.

Henry H. McCorkle, of New York City, for respondent.

LEHMAN, J.  The parties hereto, acting through their attorneys, entered into a formal contract, denominated a "stipulation," to settle the controversy. The defendant moved to vacate and set aside this stipulation, upon the grounds:

"That said stipulation was signed thoughtlessly, improvidently, imprudently, without knowledge of the true facts of the plaintiff's claim, under a wrong impression given by plaintiff's attorneys in the summons and demand for judgment, and misleading statements made by plaintiff's attorneys."

The motion was granted, and an order was entered, vacating the stipulation, and giving the defendant leave to defend the action. At the trial the plaintiff objected to further proceedings, and asked that the case be marked "Reserved generally" pending the payments under the stipulation. The trial justice refused to disregard the order made by the justice who had decided the previous motion, and proceeded with the trial. The defense to the cause of action was the statute of limitations. The plaintiff urged that the contract of settlement was a sufficient acknowledgment of the debt to take the case out of the statute, but the trial justice overruled this contention and gave judgment for the defendant. The plaintiff appeals from the judgment, and brings up for review on this appeal the prior order vacating the stipulation.

[1] We are all agreed that there is no power in the Municipal Court to vacate the stipulation. It was a formal agreement to settle the controversy, and not a mere arrangement between counsel made during the trial of a case. It could not be set aside, except as the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

result of an action brought on approved grounds in a court of equitable jurisdiction.

[2] Nevertheless, I do not think that we have any power to set aside this order, except upon a reversal of the judgment. The order itself is not appealable, and may be reversed only by appeal from a judgment. Our powers on such appeal are purely statutory, and are confined to reversing, affirming, or modifying a judgment. If the order brought up for review on the appeal from the judgment affects the correctness of that judgment in whole or in part, then, upon a reversal or modification of the judgment, we have a right to vacate an order upon which the erroneous judgment relies; but I know of no precedent or authority for affirming the judgment and vacating an incidental order brought up for review.

[3] No rulings of the trial justice at the actual trial present any grounds for reversal. I agree with the view that the agreement of settlement was not such an acknowledgment of the debt as to remove the bar of the statute of limitations. See Connecticut Trust Co. v. Wead, 58 App. Div. 493, 69 N. Y. Supp. 518. Nevertheless, I think that the judgment should be reversed.

[4] The agreement of settlement provided for the payment of an agreed sum in monthly installments, and that, until the full amount was paid, the action should be marked "Reserved generally." When that agreement was shown, it was improper for the court to disregard its terms and to force for trial an action already settled.

[5] The defendant was absolutely bound by its terms, if he authorized his attorney to settle the action; and he states in his own affidavit that, before the settlement was made, his attorney advised him that he would try to arrange a settlement. At no time has he attempted to evade the force of the settlement by any distinct claim that it was unauthorized by him. Under such circumstances, it cannot well be held that the agreement was made without his authority. He cannot, therefore, in disregard of its terms, force the action to trial.

Judgment should be reversed, without costs, and a new trial ordered, without prejudice to plaintiff's right to move to have the case marked "Reversed generally." All concur.