In the Matter of the Arbitration between SKINNER, COOK & BABCOCK, INCORPORATED, Appellant, and FOURTH CHURCH OF CHRIST, SCIENTIST, BOROUGH OF MANHATTAN, CITY OF NEW YORK, Respondent.

First Department, June 2, 1933.

*Alfred J. Talley* of counsel [*Clarence F. Hussey,* attorney], for the appellant.

*Charles Franklin,* for the respondent.

MERRELL, J.   The appellant undertook the erection of a church edifice for the defendant, and after the edifice was erected the respondent church refused to pay the balance claimed to be due under the contract on the final certificate in the amount of $6,500 made by the architect, and claimed damages in the same amount for delay.   The builders entered a claim against the church for $12,000 damages caused, as the builders claimed, by interference by the church and its representatives, and on other grounds, causing delay in the construction of the edifice.   The construction contract provided for the arbitration of claims between the parties without any particular arbitration body being mentioned.   The builders signified a willingness to arbitrate and consented to the arbitration of the church's claim, but the church refused to arbitrate the builders' claim.   As the result of such refusal on the part of the church, the builders applied at Special Term of the Supreme Court, Mr. Justice McCOOK presiding, for an order directing and ordering the church to abide by its contract and submit to arbitration. Mr. Justice McCOOK granted the order directing such relief and directed that such arbitration be had before the American Arbitration Association, and in accordance with a stipulation of agree-

ment entered into between the parties. The stipulation was signed by both parties at the instance and request of representatives of the church. No appeal was taken from the order of Mr. Justice McCook. Thereafter a hearing was had before three arbitrators of the American Arbitration Association and an award was rendered disallowing the claims of the church and allowing the claim of the builders to the amount of $6,500, with interest, and the further sum of $4,377, on the builders' claim for $12,000 damages causing delay. Thereupon a motion was made to confirm the award of the arbitrators, and at the same time the church moved to vacate the award, asserting several grounds therefor. The motion of the builders to confirm the award was denied and the motion to vacate the award was granted by Mr. Justice LYDON at Special Term on the ground that the church had not received a copy of the answer of the builders made to a belated claim of the church for $12,500, which claim was inserted only a few days previous to the hearing before the American Arbitration Association. Mr. Justice LYDON in his order refusing to confirm the award of the arbitrators, stated as follows: " Further Ordered, that the issues between the parties hereto be and the same are hereby referred to the American Arbitration Association, for a rehearing before three arbitrators to be selected by said Association." A copy of this order was served on the American Arbitration Association, and they were directed to proceed with the rehearing as provided in said order. There was no appeal taken by the church from this order of Mr. Justice LYDON, nor was any request made for a resettlement thereof, but in disregard of such order the church moved to be released from its stipulation, and obtained the order from which the present appeal is taken.

There is no authority whatever in a Special Term for motions to summarily revoke a written instrument or to relieve the parties of their duties under a stipulation into which they have entered. If, for any reason, the church was to be relieved therefrom, it should have brought an action for that purpose. (*Equitable Trust Co. v. MacLaire*, 77 Misc. 116.) We think the respondent is clearly bound by the order of Mr. Justice LYDON, from which it took no appeal. Certainly, one justice at Special Term cannot review and set aside an order made by another justice. Such is the effect of the order appealed from. What the respondent is apparently seeking here is, because of disappointment in the arbitration proceedings to which it had consented and in which it participated, another arbitration before different arbitrators in the hope that it may be more successful than it was before the arbitrators to whom it had stipulated to submit the controversy.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion of the defendant denied, with ten dollars costs to appellant against the respondent.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied with ten dollars costs.