MANUFACTURERS MUTUAL FIRE INSURANCE COMPANY OF RHODE ISLAND and Six Others, Suing as Stockholders of ASSOCIATED GAS AND ELECTRIC COMPANY for the Benefit of Themselves and All Other Stockholders Similarly Situated, Plaintiffs, and Also on Behalf and in the Right of ASSOCIATED GAS AND ELECTRIC COMPANY, Defendant, *v.* HOWARD C. HOPSON and Others, Defendants.*

Supreme Court, Special Term, New York County, October 16, 1940.

*Oscar Schleiff,* for Abraham Bitensky and Becky Bitnesky, petitioners.

*Ben A. Matthews* [*Ben A. Matthews* and *John J. Dowling* of counsel], for Walter H. Pollak, trustee of Associated Gas and Electric Company.

*Travis, Brownback & Paxson* [*George J. Bannigan* of counsel], appearing specially herein for the defendants Associated Gas and Electric Company, debtor, Sanford J. Magee, John M. Daly, John I. Mange, Daniel Starch, Howard C. Hopson, O. E. Wasser, Frederick S. Burroughs, Frederick T. Hepburn, William S. Barstow, John Nickerson, Charles A. Dougherty and F. A. Rogers.

*Holthusen & Pinkham* [*Charles E. Oberle* of counsel], appearing specially herein for the plaintiffs.

*Stephen Callaghan*, for the defendants Ellis L. Phillips and George W. Olmsted.

*Wright, Gordon, Zachry & Parlin* [*Paul W. Williams* of counsel], appearing specially herein for the defendant Faris R. Russell.

*Scribner & Miller*, for the defendant William S. Barstow.

*Franklin S. Wood*, appearing specially herein for the defendant Faris R. Russell.

*Kenneth O. Mott-Smith*, for the defendant W. C. Wishart.

*Mudge, Stern, Williams & Tucker*, for the defendant Murray W. Dodge.

*Bennet, House & Couts* [*Victor House* of counsel], for Victor House.

*Palmer & Ryan*, appearing specially on behalf of Margaret G. Burroughs, as administratrix, etc., of the defendant Frederick S. Burroughs, deceased.

SHIENTAG, J. This is a motion by petitioners, stockholders of Associated Gas and Electric Company, to vacate and set aside a stipulation of discontinuance in an action heretofore instituted by other stockholders, as plaintiffs, against the company. A trustee for the Associated Gas and Electric Company (herein called the debtor), appointed by the United States District Court, seeks similar relief in order that he, too, might join in prosecuting the former action. That action, instituted in October, 1934, was the conventional derivative suit against the debtor as the nominal defendant and its directors as the real defendants. The latter were charged with mismanagement and waste of the corporate funds.

The stipulation of discontinuance, signed by the attorneys for all the parties to the action, was filed with the clerk of the court October 1, 1936. No court order was entered thereon, nor was the

settlement submitted for approval to any of the stockholders who were not parties to the action. On October 2, 1936, a consent order was entered under which all the papers on file with the clerk of the court were delivered to the attorneys for the defendants. On October 14, 1936, the releases of the plaintiffs to the individual defendants were given to their respective attorneys.

The settlement took the form of a purchase of plaintiffs' stock by a wholly-owned subsidiary company of the debtor; the price paid was approximately seven times its then market value. The moneys paid in settlement as well as all the expenses of defending the action were supplied by the debtor or its subsidiaries without any contribution or reimbursement by the individual defendants, who were directors of the debtor. A substantial percentage of the moneys received by the plaintiffs was paid to their attorneys who instituted the action. This was pursuant to private arrangement, the amount of the fees and disbursements not having been submitted for court approval. Since the discontinuance of the action, four of the individual defendants have died. Service of petitioners' papers on the present application has been made upon the attorneys of record in the discontinued action, and not upon any of the parties personally.

The following questions are presented for consideration:

1. Was the stipulation of discontinuance effectual to terminate the action?

2. Has this court inherent power to vacate summarily on motion a stipulation of discontinuance valid on its face?

3. Is the service of these motion papers on the attorneys of record in the action a valid service?

4. Are petitioners barred by the Statute of Limitations or by laches?

1. The stipulation of discontinuance entered into by all the attorneys on behalf of the parties was effectual to terminate the action under rule 301 of the Rules of Civil Practice. The stipulation reads: " It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto that the above entitled action be and the same hereby is discontinued without costs to any party as against any other party, and that an order to that effect may be entered therein without further notice."

Rule 301 of the Rules of Civil Practice provides: " An action or special proceeding to which all the parties are adults or corporations, and in the subject matter of which no person not a party has an interest, may be discontinued by the filing with the clerk of the court in which such action or proceeding may be pending of a stipulation in writing for such discontinuance, signed by the attor-

neys of record for all parties. The making and filing of such a stipulation shall have the same effect as an order of discontinuance." (Added April 9, 1929.)

It is true that the stipulation here in question did not expressly provide for filing and did state that an order might be entered by the court. But this in itself will not remove the stipulation from the purview of rule 301, where in fact the stipulation was filed and no order actually obtained. All the parties and their attorneys clearly intended to terminate the action by the stipulation and its subsequent filing. (3 Wait's New York Practice [4th ed.], 756; 6 Bender's Forms for the Civil Practice Acts [Bonomi], 734, Form No. 6632.)

The weightier question is whether any stipulation of discontinuance in a stockholder's derivative action is valid under rule 301 because of the condition therein that no person not a party to the action have an interest in the subject-matter thereof. If other stockholders of the debtor not parties to this action had such an interest in the subject-matter of the action, the stipulation is invalid under rule 301 and, in the absence of a court order of discontinuance, might be treated as a nullity. But that other stockholders not made parties to the action have no such interest within the meaning of this rule seems clear from the cases.

If this were a case of first impression, my conclusion might be otherwise. But this court is bound by a line of cases in New York, to the effect that a minority stockholder may discontinue his action at any time before another stockholder has intervened or judgment has been entered. The exclusive control of the action belongs to him and he can settle his individual damages, leaving other shareholders to seek their remedy in a new action. This rule was announced in *Innes* v. *Lansing* (7 Paige, 583), a creditor's action, and repeated for the first time in a stockholder's action in *Brinckerhoff* v. *Bostwick* (99 N. Y. 185). Although the statements in the *Brinckerhoff* case were dicta, the court in *Beadleston* v. *Alley* (7 N. Y. Supp. 747 [2d Dept. 1889]; appeal dismissed, 119 N. Y. 659) squarely held valid a discontinuance by a minority stockholder in his suit on behalf of the corporation in which he owned stock, and refused to permit the receiver of the corporation to vacate the discontinuance on the ground of lack of notice. The court relegated the receiver and other shareholders to the remedy of a new action, regardless of the running of the Statute of Limitations. However, in that case the minority stockholder had first requested the other shareholders and the receiver to join him in the action, which they had refused to do, and this might have had much weight with the court.

*Hirshfeld* v. *Fitzgerald* (157 N. Y. 166) was a creditor's action. The court held that other creditors could come in and share in the management of the action, but until they did so the original plaintiff had the right completely to control the action and might "continue, compromise, abandon or discontinue it at pleasure." The court, per HAIGHT, J., further said: "Does the plaintiff, in bringing a representative action, become a trustee for the other creditors? We think not; at least to such an extent as to require him to carry on the litigation for their interests in opposition to his own, or after he has settled his claim" (p. 180).

This holding is confirmed by other cases in which the *Brinckerhoff* v. *Bostwick* and *Hirshfeld* v. *Fitzgerald* decisions are cited with approval. The rule is applied in both creditors' representative actions and stockholders' derivative suits. (*Hagmayer* v. *Alten*, 41 App. Div. 487 [1st Dept., creditor's action]; *Manning* v. *Mercantile Trust Co.*, 37 Misc. 215 [stockholder's action]; *Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206, 213 [1st Dept.]; affd., 223 N. Y. 655 [stockholder's action]; *Planten* v. *National Nassau Bank*, 174 App. Div. 254, 259 [1st Dept.]; affd., 220 N. Y. 677 [stockholder's action]; *Security Trust Co.* v. *Pritchard*, 201 App. Div. 142, 144 [4th Dept., stockholder's action]; *Weber* v. *Ward*, 129 Misc. 163 [Sup. Ct., Westchester Co., stockholder's action]; *Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242 [2nd Dept., stockholder's action]; *Earl* v. *Brewer*, 248 id. 314, 316 [4th Dept.]; affd., 273 N. Y. 669 [stockholder's action]; 4 Cook on Corporations [8th ed.], 3286; 13 Fletcher Cyc. Corp. [Perm. ed.] § 6019.)

In *Dresdner* v. *Goldman Sachs Trading Corp.* (*supra*) the court denied a motion of the defendant to dismiss the action as of right merely because of the prior pendency of a similar stockholder's suit. The court stressed the fact that there was "nothing to prevent the defendants (in the prior action, before judgment, from buying their peace with the plaintiffs * * * by means of a private settlement, * * * leaving other stockholders to seek their remedy by a new action — if the Statute of Limitations has not run against them," and the court concluded that the second action should not be dismissed (p. 247).

The broad New York rule applied to creditors' and stockholders' actions has been much criticized. It is urged that it aids collusive settlements by wrongdoing directors and deprives the stockholders who are not parties to the action of adequate protection. ("Federal Class Actions," J. W. Moore and M. Cohn, 32 Ill. L. Rev. 307, 320; "Capacity of Plaintiff-Stockholder to Terminate a Stockholder's Suit," C. B. McLaughlin, 46 Yale L. J. 421, 423, 430; 2 Moore's Federal Practice, 2277, 2278.)

Our courts have pointed out, however, that others may intervene at will and divest the original stockholder of his dominion over the suit (*Manning* v. *Mercantile Trust Co., supra*); that a mere discontinuance is not a bar to a later suit by other shareholders, as it is not *res adjudicata* as to them (*Beadleston* v. *Alley, supra*); that before the decree, others of the class can file separate complaints of their own (*Dresdner* v. *Goldman Sachs Trading Corp., supra*); and that, since plaintiff must bear all the expenses of the suit if unsuccessful, he should be free to abandon the litigation at the best price he can obtain if others have not intervened.

However, if a compromise or settlement is submitted for judicial approval, or is entered into in the course of the trial, the court has the power under rule 8 of the Rules of Civil Practice to require notice to all shareholders and an opportunity to be heard, before a final settlement of the cause of action is entered by the court. (*Gerith Realty Corp.* v. *Normandie Nat. Securities Corp.*, 154 Misc. 515; affd., 241 App. Div. 717; affd., 266 N. Y. 525; *Ottomanelli* v. *Kirkpatrick*, N. Y. L. J. March 29, 1939, p. 1429.) This power is necessary because a final settlement by the court or a judgment entered thereon would constitute *res adjudicata* and thus bar other stockholders from a subsequent suit. That is not the situation here presented.

In the Federal courts the problem is dealt with effectively by a court rule. (Rule 23 [c] of the Rules of Civil Procedure for District Courts.) This provides that a stockholder's derivative action " * * * shall not be dismissed or compromised without the approval of the court. * * * notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs * * *." That rule would apply to a discontinuance as well as to a settlement before or in the course of trial. (*Hutchinson* v. *Fidelity Investment Assn.*, 106 F. [2d] 431 [C. C. A. 4th]; *Delahanty* v. *Newark Morning Ledger Co.*, 26 F. Supp. 327 [N. J.].) However, before the adoption of rule 23 (c) there was some doubt as to the law in the Federal courts. (Cf. *Johnson* v. *King-Richardson Co.*, 36 F. [2d] 675 [C. C. A. 1st, 1930], citing *Hirshfeld* v. *Fitzgerald, supra*, with approval, in a stockholder's action.)

Other jurisdictions have adopted a contrary rule to that obtaining in New York and would not hesitate in derivative actions to set aside stipulations of discontinuance made without court approval. (*Whitten* v. *Dabney*, 171 Cal. 621; 154 P. 312; followed in *Spellacy* v. *Superior Court*, 23 Cal. App. [2d] 142; 72 P. [2d] 262; and *Russell* v. *Weyand*, 5 Cal. App. [2d] 259; 42 P. [2d] 381; *National Power and Paper Co.* v. *Rossman*, 122 Minn. 355; 142 N. W. 818.) Still other

jurisdictions have intimated that were the precise question before them they would not follow the New York rule. (*Auburn Button Works* v. *Perryman Electric Co.*, 107 N. J. Eq. 554; 154 A. 1; *State ex rel. City of Milwaukee* v. *Ludwig, Judge,* 106 Wis. 226; 82 N. W. 158.)

Nevertheless, I feel bound by the decisions of our courts to hold that as the plaintiffs had complete dominion over their action, they were free to stipulate with the defendants for a discontinuance just as any other adult or corporate plaintiff and that the filed stipulation complied with rule 301. While the decisions on this subject are largely dicta, they have been reiterated so frequently that they have attained the dignity of binding authority. It would be most unwise and undesirable for a court of original jurisdiction to depart from what, with good reason, has heretofore been accepted as established law. I hold, therefore, that this action was terminated as of October 1, 1936, although a cause of action still survived which other stockholders could have prosecuted at any time thereafter until barred by the Statute of Limitations.

2. The court is without power to vacate summarily, on motion, a stipulation of discontinuance valid on its face and terminating the action; one asking to be relieved therefrom may, in a proper case, obtain relief by plenary suit. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *Matter of Skinner, Cook & Babcock, Inc.*, 238 App. Div. 573; *Equitable Trust Co.* v. *MacLaire*, 77 Misc. 116 [App. Term]; *Greenwald* v. *Emex Realty Co., Inc.*, 173 id. 122 [App. Term]; *Naegeli Furniture Co.* v. *Holstein,* 175 N. Y. Supp. 779 [App. Term]; *La Salle Ext. University* v. *Pappace*, 152 Misc. 274 [App. Term]; *Snead & Co.* v. *Brager Bros.*, 148 id. 603.)

On this motion plaintiffs and their attorneys deny petitioners' allegations of fraud and collusion in making the stipulation of discontinuance. They urge that the fraud, if any, was on the part of the individual defendants or the debtor. However flimsy this pretense of innocence may be, the situation here presented comes within the rule laid down in *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (*supra*): " Defendants may be able in an independent suit to upset the settlement for reasons that would invalidate a contract, such as fraud or over-reaching. But when a compromise results in the termination of an action and the execution of a new agreement giving effect to the settlement, it cannot be undone in the discretion of the court, on motion in the action and on conflicting affidavits raising anew the same dispute once settled, merely to bring about a final disposition of the original action on its merits " (p. 446).

A court has the inherent power to interfere, on motion, with a stipulation made in the course of a trial which still leaves the action pending and thus subject to the court's control. So, although the question is by no means free from doubt, a court may have the power to deal summarily with a judgment entered upon a stipulation made as the result of fraud and collusion or involving the use of the judicial process for illicit purposes. This on the theory that a court has an inherent power of control over its own judgments. (*Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536; *Ladd* v. *Stevenson*, 112 id. 325; *Sperb* v. *Metropolitan El. Ry. Co.*, 10 N. Y. Supp. 865; affd., 123 N. Y. 659; *Davidson* v. *Ream*, 175 App. Div. 760; *Goldstein* v. *Goldsmith*, 243 id. 268; but cf. *Gruen* v. *Carter*, 258 id. 36 [1st Dept. 1939].)

Likewise, a court may on summary motion set aside a discontinuance not valid on its face, the discontinuance in such case being a nullity and the action, in effect, still pending. (*Bishop* v. *Bishop*, 7 Robt. 194 [30 N. Y. Super. Ct.]; *Frear* v. *Lewis*, 201 App. Div. 660; *Flanson Realty Corp.* v. *Workers' Unity House, Inc.*, 229 id. 179; *Bergheim* v. *Hofstatter*, 243 id. 568.)

On this motion, the stipulation of discontinuance was valid on its face, the action has been terminated, and there was no judgment of the court, so as to enable it to exercise any element of control. It may well be that a wrong has been committed. There appears to be substantial basis for petitioners' claim of fraud and collusion. (*Erie R. Co.* v. *Vanderbilt*, 5 Hun, 123; " Stockholders' Derivative Suits," G. T. Washington, 25 Cornell L. Quarterly 361, 367.) The remedy, however, if any, is by plenary suit rather than by summary motion.

In the future, at any rate, an unsavory situation, such as is here disclosed, may be prevented by the adoption of a court rule along the lines of the Federal rule to which reference has been made, that would prevent the discontinuance or the compromise of a derivative stockholder's suit, except with the approval of the court, on such notice to the stockholders generally as the court may prescribe.

In view of the conclusion here reached, it is unnecessary to consider the other questions presented on the motion. Motion to vacate stipulation of discontinuance is denied without prejudice to the institution of a plenary suit for such relief. Settle order.