Proceed accordingly.

CHARLES LEWIN et al., Copartners Doing Business Under the Name of CHARLES & MILTON KIMMELMAN, Individually and as Holders of Voting Trust Certificates Representing Stock of New York Ambassador, Inc., Suing on Behalf of Themselves and for Said Corporation and All Other Voting Trust Certificate Holders and Stockholders of Said Corporation, Plaintiffs, *v.* NEW YORK AMBASSADOR, INC., et al., Defendants.

Supreme Court, Special Term, New York County, March 27, 1947.

*Charles L. Sylvester* for plaintiffs.

*Bergerman & Hourwich* for New York Ambassador, Inc., and others, defendants.

*Leo J. Rossett* for James J. Atkinson and another, defendants.

HAMMER, J. When this cause came on for trial the parties made preliminary motions. The action is a derivative one in which the claim asserted against the defendants belongs not to the plaintiff stockholder and all others similarly situated as such but to the corporation on whose behalf it is really brought. In the complaint the plaintiffs are described '' as individuals and as holders of voting trust certificates representing stock of New York Ambassador, Inc. suing in behalf of themselves and for the benefit of said corporation and all other voting trust certificate holders and stockholders of said corporation.'' The corporation is a party defendant and with the other defendants has answered and is defending the action. While the rule of *Hirshfield* v. *Fitzgerald* (157 N. Y. 166) might ordinarily apply on an application by plaintiffs to discontinue or give consent to a motion to dismiss, at least one other stockholder has appeared herein and joined plaintiffs in the relief sought and who presumedly relies on plaintiffs to continue the prosecution of the action. While the corporation is a defendant, it is so according to the allegations of the plaintiffs because it is dominated by defendants and, therefore, does not itself prosecute the action. It may well be that other stockholders who have not actually come into the action rely upon plaintiffs to continue the prosecution of the corporation's alleged claim. Plaintiff it appears by order has had extensive examinations before trial of defendants. Defendants vigorously assert under the circumstances that since the action is derivative from the corporation which is the real party allegedly directly represented by plaintiffs and as the individual defendants are its

controlling officers who assert their own *bona fides* and deny all charges of alleged impropriety made by plaintiffs, they are greatly embarrassed in their relationship to all other stockholders and prejudiced in their own rights by the action, the examinations, and the ensuing agitation among all stockholders thereby and the passage of time without a court decision decisive of the issues raised. It appears, too, that the Statute of Limitations is rapidly running and that if it runs and there was any plausible reason for the present action the valuable advantages gained by the examinations before trial, the investigations conducted by plaintiffs and counsel and by preparation for trial will be lost by discontinuance or a dismissal upon the merits to which plaintiffs express a willingness to consent. Indeed, it is doubtful that such consent could be given without a full disclosure of the available evidence as it would be tantamount to a compromise of the right which does not belong to the stockholders but to the corporation and requires the approval by the court. In my opinion, that is the situation here presented and requires such disclosure and approval (*Gerith Realty Corp.* v. *Normandie Nat. Securities Corp.*, 154 Misc. 615, affd. 241 App. Div. 717, affd. 266 N. Y. 525). There it was held that rule 8 of the Rules of Civil Practice was applicable and that notice to all other stockholders was required. It does not seem that consideration either of subdivision 3 of section 193 of the Civil Practice Act or the holding in *National Bondholders Corp.* v. *Joyce* (276 N. Y. 92) requires any other holding here. Accordingly, notice of the proposed discontinuance and motion for dismissal will be required to be given to the stockholders or members of the corporation in such manner and returnable at such time and place as will be designated in an order to be entered hereon, which settle on notice.