In the Matter of SALVATORE TERZO, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator of the Temporary State Housing Rent Commission, Respondent.

Supreme Court, Special Term, New York County, December 4, 1951.

*Vincent Marcellino* for petitioner.

*Robert H. Schaffer* and *Emory Gardiner* for respondent.

WALTER, J. The owner of an apartment in the borough of Queens, city of New York here seeks to annul an order of the State Rent Administrator fixing a maximum rent for the apartment. The point urged is that the apartment has been decontrolled and that the administrator's order consequently is void because in excess of his jurisdiction.

Under subdivision (g) of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) the apartment was not subject to a fixation of rent therefor by the administrator if it became a housing accommodation by a change from a nonhousing to a housing use on or after February 1, 1947, except that if it were created a housing accommodation as a result of a conversion after May 1, 1950, it was subject to such fixation unless the administrator issued an order decontrolling it, which he was required to do if there was a structural change which involved substantial alterations or remodelling and resulted in additional housing accommodations consisting of a self-contained family unit.

The evidence here does not admit of any finding other than that this apartment is an additional housing accommodation, consisting of a self-contained family unit, which was created as a result of a conversion or change from a nonhousing use to a housing use after February 1, 1947, and after May 1, 1950, and that such change was a structural change which involved substantial alterations or remodelling. Indeed, the only semblance of a challenge to petitioner's proof of those facts is a report of a rent inspector in which the inspector expresses the opinion that partitioning off a kitchen from a store, changing kitchen equipment to bedroom equipment and installing a bathroom in place of a kitchen sink do not constitute alterations or changes, and in which he quotes a third person as having told him that

a former occupant of the store slept in the rear when it concededly was being used as a kitchen. I think that hearsay statement of that third person is of no probative value and that that opinion is wholly untenable and erroneous. Furthermore, it does not appear that that report of the inspector was offered in evidence or brought to petitioner's attention in such way as to disclose to him either its contents or the fact that it was being considered, and I hence think it cannot properly be considered. (*Int. Com. Comm.* v. *Louis. & Nash. R. R.*, 227 U. S. 88, 93; *Chicago Junction Case*, 264 U. S. 258, 263; *Morgan* v. *United States*, 304 U. S. 1, 14, 15; *Matter of New York Water Service Co.* v. *Water Power & Control Comm.*, 283 N. Y. 23, 31).

There is no evidence that the administrator ever made any order decontrolling this specific apartment, but inasmuch as under the facts of this case it was his statutory duty to make such an order, I think the situation is to be regarded exactly as if he in fact had made it.

Furthermore the administrator had promulgated a regulation in which among " Housing accommodations not subject to rent control " he specifically included: " Housing accommodations created by a change from a non-housing to a housing use on or after February 1, 1947, except that within the City of New York the date shall be May 1, 1950." (State Rent and Eviction Regulations, § 9, subd. 4.) That regulation, it seems to me, is in effect a decontrol order with respect to all housing accommodations in the city of New York which were created by a change from a nonhousing use to a housing use after May 1, 1950, so that as to such housing accommodations it no longer is necessary to inquire whether or not the change was a structural change which involved substantial alterations or remodelling or whether or not the housing accommodation so created consists of a self-contained family unit.

In brief, the statute itself decontrols all housing accommodations which became housing accommodations by a change from a nonhousing use to a housing use on or after February 1, 1947, and before May 1, 1950; and the statute and regulation together decontrol all housing accommodations within the city of New York which became housing accommodations by a change from a nonhousing use to a housing use on or after May 1, 1950.

The apartment in question comes within that latter category. It consequently was not subject to a fixation of rent by the administrator, and his order fixing a rent therefor consequently is contrary to law and in excess of the administrator's jurisdiction. It therefore must be and is annulled.