JET BROKERS, INC., Landlord, *v.* ISIDORE GLICKBERG, Tenant.

Municipal Court of the City of New York, Borough of The Bronx,
October 22, 1953.

*David L. Delman* for tenant.

*Samuel Pecker* for landlord.

BENNETT, J.  This is a motion made by the tenant to vacate a final order entered in a holdover proceeding involving business space.  The petition herein alleges that a thirty-day notice of termination was duly served on the tenant on February 29, 1952, and that tenant thereafter on the 22d day of December, 1952, agreed in writing to vacate the premises on the 1st day of July, 1953.  The tenant failed to vacate by said date and the petition and precept were served on him on the 8th day of July, 1953.

On the 14th day of July, 1953, the proceedings came on for trial.  Both the landlord and the tenant were represented by attorneys and entered into the following written stipulation: " The tenant appears herein, by Louis Handwerger, his attorney, waives answering, and admits each and every allegation of the petition.  The tenant further agrees to entry of a final order in favor of the landlord with a stay of execution of the warrant up to and including the 30th day of September 1953. Tenant to pay use and occupation.  Dated, New York, July 14, 1953."  A final order was thereupon entered with a stay of execution of the warrant.

The tenant in support of this application contends that the parties entered into a new agreement whereby in consideration of the payment to the landlord of an increase in rent he would be permitted to remain in possession.  It is also contended that the acceptance of such moneys after the issuance of a final order nullified said order and a new relationship of

landlord and tenant was thereby created between the parties. It is also contended by the tenant that the proceedings are defective in that the tenancy was not terminated by the notice which had been served on February 29, 1952.

The tenant had a full opportunity to answer the petition herein and to assert such defense, but instead saw fit, through his attorney, to specifically waive answering and affirmatively admit the allegations of the petition, including among others the following: " That the term for which the premises were hired has expired and the said tenant holds over and continues in possession of said premises without the permission. of the landlord."

The afore-mentioned stipulation constituted a full and complete agreement of settlement. It has been repeatedly held that the Municipal Court of the City of New York has no power to set aside such stipulation. (*Equitable Trust Co.* v. *Mac Laire,* 77 Misc. 116; *Boericke & Tafel* v. *Gold,* 88 N. Y. S. 2d 726.)

Both parties herein were represented by their respective attorneys and at no time did the tenant contend that his attorney had no authority to enter into the stipulation in issue. The affidavit of the tenant in support of this motion is barren of any such contention, although such issue is raised in the brief submitted by the tenant's present attorney. As was stated by Mr. Justice LEHMAN, writing for the Appellate Term of the Supreme Court, First Department, in the case of *Equitable Trust Co.* v. *Mac Laire* (*supra*): " The agreement of settlement provided for the payment of an agreed sum in monthly installments, and that, until the full amount was paid, the action should be marked ' Reserved generally '. When that agreement was shown, it was improper for the court to disregard its terms and to force to trial an action already settled. The defendant was absolutely bound by its terms if he authorized his attorney to settle the action, and he states in his own affidavit that, before the settlement was made, his attorney advised him that he would try to arrange a settlement. At no time has he attempted to evade the force of the settlement by any distinct claim that it was unauthorized by him. Under such circumstances it cannot well be held that the agreement was made without his authority. He cannot, therefore, in disregard of its terms, force the action to trial."

It is clear therefore, aside from all other considerations, that this court is without power to disregard the terms of the parties' own agreement as well as it is without power to vacate a final order after the issuance of a warrant. Such relief, if avail-

able, can only be secured in a court of equity. (*Weinroth* v. *603–Fifth Ave. Corp.,* 102 N. Y. S. 2d 471; *Judon* v. *Butler,* 97 N. Y. S. 2d 798.)

In reference to the acceptance of "rent" after the entry of the final order, it cannot be held that such acceptance of payment in and of itself vitiates the said order. It was proper for the parties to arrange for payment for the use and occupation of the premises during the period of the stay of execution of the warrant. (*Dorb* v. *Waybright,* 121 N. Y. S. 584; Civ. Prac. Act, § 1410, subd. 8.)

The motion to vacate and set aside the final order is accordingly denied.