Irving H. Saypol, J.
The plaintiffs for about three years before September, 1956, were subtenants occupying housing accommodations in the defendant’s building. The tenant had entered into a one-year written lease of the apartment on May 1, 1956 for use as a commercial studio. Contending that it first learned of the subletting which it deemed unauthorized in September, 1956, summary proceedings to oust the occupants were initiated in the Municipal Court of the City of New York. The petition recited that the term of the hiring of the premises had expired, consequently the tenant and subtenant “ holds over and continues in possession without permission” of the landlord. It was specifically pleaded that the affected housing accommodations were not subject to rent control pursuant to the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685) and subdivision 4 of section 9 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, having been created by a change from a nonhousing to a housing use on or after February 1, 1947.
On the trial of the summary proceeding on September 19, 1956 the prime tenant defaulted. The plaintiffs as subtenants represented by counsel simultaneously entered into a written stipulation which had been prepared by the landlord (defendant here) consenting to a final order, stayed until March 31, 1957, fixing the monthly rent at $160. In the first paragraph it is recited that the undertenant (one of the present plaintiffs) appears and confers jurisdiction upon the court. In the second paragraph the tenant represents that because of mixed residential and commercial occupancy the apartment is not subject to control. Thereupon a final order was entered against the tenant after inquest with no stay and against the undertenant pursuant to the stipulation, including a stay of the issuance of the warrant until March 31, 1957. Ten days before the expiration of the stay, in a setting which indicates negotiations between these parties for a new lease at $250 per month, a motion was made in the summary proceeding to vacate the final order and the stipulation and for a new trial on various *933 grounds. The landlord, it was alleged, had misrepresented the status of the housing accommodation as exempt from control and it was charged that their lawyer had badly advised them, for upon recent investigation it was discovered that the premises were rent controlled and therefore there was a jurisdictional defect in the maintenance of the summary proceeding. The motion was denied and thereupon this action in equity was brought. A temporary injunction issued and the case has been tried.
The complaint is essentially as the facts have been recited. The prayer for relief asks for an injunction staying the defendant from causing the issuance or execution of the warrant and directing the clerk of the Municipal Court in respect thereto. The latter official was not brought into the case, therefore that phase is academic. The answer, in form a general denial, pertinently admits that the defendant is the owner of the premises, upon which is erected an apartment building which it rents to the various occupants thereof, that the plaintiffs acquired possession of apartment 8A as subtenants and that in the summary proceedings the plaintiffs were represented by a lawyer who communicated with the defendant’s lawyer.
Preliminarily, although not properly pleaded, the defendant moved to dismiss on the ground that the plaintiffs’ remedy is by appeal from the order of the Municipal Court denying the motion to vacate the final order upon its vacatur of the stipulation. Citing Matter of Cullinan (113 App. Div. 485), it is argued that the plaintiffs competently stipulated the law and facts governing their landlord-tenant relationship to which the courts should give effect. While that is good law generally stated, it is not controlling here. The Municipal Court has no power to test the stipulation (Furer v. Paterno, 150 N. Y. S. 2d 829; Boericke & Tafel, Inc., v. Gold, 88 N. Y. S. 2d 726; Equitable Trust Co. v. MacLaire, 77 Misc. 116; Jet Brokers v. Glickberg, 204 Misc. 962) and relief may be had only in an action in equity if it is shown that the Municipal Court did not have jurisdiction, of the proceeding or that the final order was procured by fraud or collusion (Kaminsky v. Klasko Finance Corp., 191 App. Div. 412, 415, citing cases; see particularly the footnotes in the opinion in Chadwick v. Spargur, 1 N. Y. Civ. Pro. Rep. 422, 428). The motion to dismiss is denied.
There is much in the trial which bears on the bona fides of the parties and the merits as between them which becomes immaterial on the essential finding of fact and law, and it is at once decided that contrary to the defendant’s representa *934 tions in its petition and the testimony of its officer on the inquest in summary proceedings, the property here is controlled under the State Residential Rent Law, evidenced at the trial by the registration statement dated November 10, 1943, filed by the defendant’s predecessor. The statement shows administrative action in relation to fixation of monthly rent of $86, effective May 1, 1953. Nor were alterations or rehabilitation operatively effective to decontrol or exempt the property (Matter of Scott v. McGoldrick, 140 N. Y. S. 2d 345). Matter of Terzo v. McGoldrick (200 Misc. 921) cited by the defendant, has no application because this facility is not additional self-contained housing accommodation. I find that it is a rehabilitated housing unit not providing new or additional housing. The claims in the landlord’s petition alleging exemption and its supporting testimony at the inquest were contrary to the fact. The subtenants’ concession and waiver intended to confer jurisdiction on the Municipal Court was void and abortive and therefore ineffectual to circumvent the requirements of the law (State Rent and Eviction Regulations, § 15). The remedies provided to tenants under this emergency statute may not be waived as a matter of public policy (Sylvester v. Bernstein, 283 App. Div. 333, 338, affd. 307 N. Y. 778).
Although the complaint here does not bespeak this precise relief, the exercise of equity (Scheinberg v. Scheinberg, 249 N. Y. 277, 282) requires that the stipulation be invalidated as against public policy. The defendant is enjoined from enforcing the warrant.
The foregoing is the required decision upon which the plaintiffs may settle judgment.