Samuel Jacobs, J.
This action for goods sold and delivered was instituted in November, 1956; plaintiff’s demand, in a verified complaint, was for the sum of $847.44.
On November 20,1956, the attorneys for the respective parties entered into an agreement, wherein and whereby it was stated that the “ action is settled ” and “ defendant acknowledges the indebtedness of $847.44 to the plaintiff.” The agreement further provided that payment of said sum he made in stipulated installments, and in the event of defendant’s failure to ‘ make any one payment” as provided, that plaintiff “may enter judgment for the full balance then remaining unpaid.” This written stipulation was filed with the clerk of this court on November 24, 1956.
No formal answer (as such) was ever interposed by defendant, hut he entered upon performance of the aforesaid agreement and did pay $225 thereon. Thereafter, however, defendant *860 filed a petition in bankruptcy, and plaintiff’s claim was among those listed for discharge.
Plaintiff, on February 11, 1957, sought by motion in this court to serve and file an amended complaint, setting up a new cause of action alleging conversion and requesting a “ body execution ”, as permitted by law (if plaintiff succeed and a property execution be returned unsatisfied). This motion, however, was withdrawn.
Thereafter, plaintiff served an amended complaint, as “of course;” this complaint was not verified. The motion now before this court, brought by defendant, is to strike out said amended complaint, upon the ground the action herein has been settled and terminated.
Buie 301 of the Buies of Civil Practice permits discontinuance of a pending action, “ by filing with the clerk of the court in which the action or proceeding may be pending a stipulation in writing signed by the attorneys of record for all parties ”.
It is obvious that plaintiff’s resort to this motion was impelled by defendant’s bankruptcy proceeding, which, in turn, had deprived plaintiff of its remedy for enforcement afforded by the stipulation. Although this eventuality cannot be said to have been beyond the realm of percipiency on the part of plaintiff or its attorney, no provision was ever made to meet it. Plaintiff now contends that the stipulation, filed as aforestated, did not constitute a discontinuance.
Although the word “ discontinuance ” was not used therein, the court is constrained to hold that discontinuance of the then pending action is implicit in the language therein used. For the parties to use the phrase “ action is settled ” and then to have one of said parties contend that said action is still open and pending seems, to this court, to be inconsistent. To be sure, the court, in the exercise of its discretion may relieve: “ litigants from stipulations signed by counsel during the pendency of the case, on motion in the action, when such stipulations were either unadvisedly or inadvertently signed, or when the circumstances reveal that the stipulation should not be held, in order to promote justice and prevent wrong.” (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 445.)
The facts herein fail to warrant the exercise of any discretion, which would void or set aside the stipulation. Furthermore, such relief is not asked herein. The original action terminated, when the stipulation of settlement was filed. (Hegeman v. Conrad, 284 App. Div. 969.)
‘‘ A contract of settlement, if valid in itself, is final and is to be sustained by the court without regard to the validity of *861 the original claim. (Smith v. Glens Falls Ins. Co., 62 N. Y. 85; Sears v. Grand Lodge A. O. U. W., 163 N. Y. 374.) ” (Yonkers Fur Dressing Co. v. Royal Ins. Co., supra, p. 444.)
‘ ‘ The court is without power to vacate summarily, on motion, a stipulation of discontinuance valid on its face and terminating the action ”. (Manufacturers Mut. Fire Ins. Co. v. Hopson, 176 Misc. 220, 226.)
The original action herein was superseded by a new contract between the parties. For a breach of that contract, remedies were available to plaintiff. Nor can it be heard to complain, at this time, that defendant took advantage of the Bankruptcy Law, which was legally available to him. Plaintiff makes no claim of fraud, duress or mistake.
Plaintiff’s contention that it may serve an amended complaint as “of course ” because no answer has, as yet, been filed or served by defendant, cannot be sustained. In the opinion of this court, the stipulation herein is the equivalent of an answer, for the purposes of section 244 of the Civil Practice Act. Plaintiff herein never pressed for an answer at any stage of the proceedings; it must be assumed, therefore, that plaintiff, too, deemed the stipulation to constitute defendant’s answer.
By reason of the foregoing, defendant’s motion to strike out plaintiff’s amended complaint is granted, without costs.