Abraham N. G-eller, J.
This is a motion by defendants to set aside a stipulation of discontinuance and restore the case to the Trial Calendar. Plaintiffs invoke the well-known rule that a stipulation of discontinuance upon stated terms constitutes a contract from which, absent explicit provision that the action be deemed pending until performance thereof, the parties may not be relieved by summary motion in the terminated action but only by plenary suit. (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435; Manufacturers Mut. Fire Ins. Co. v. Hopson, 176 Misc. 220, affd. 262 App. Div. 731, affd. 288 N. Y. 668.)
However, the special circumstances here present require, in my opinion, that the rule be not applied.
*73 This action was brought by a number of parishioners of the Ukrainian Autocephalic Orthodox Church of St. Volodimir Inc. to obtain a permanent injunction restraining the defendant officers and trustees of said church from selling the church building on East 14th Street and purchasing property for a new church at West 82nd Street, urging as their legal objection to the transaction the allegedly improper holding of the membership meeting called for the purpose of approving it. When the action was reached for trial on March 18, 1959 — after numerous preliminary and hard-fought motions and while appeals from two of the orders thereon were still pending— the court, after conferring with both counsel, sought to find some reasonable and practical method for resolving the differences between the parties. It was finally agreed on March 19 that a new meeting be held, at which all qualified church members should be permitted to vote. It was also agreed that the meeting be presided over by a priest of said Orthodox Church in Canada to be designated by the Metropolitan of the Church in the United States (the spiritual head of the church in this country), with final and conclusive power in said priest to decide all matters, including qualifications of voters. Several calls were made in an endeavor to reach the Metropolitan, who was at the time in Florida, in order to procure his consent to make the designation agreed upon by the parties to the action. When he could not be reached, the parties assured the court that he would be willing to make the designation. Counsel thereupon jointly prepared and dictated into the record in open court a stipulation providing for such a meeting, thereby disposing of all the issues in the action. The stipulation contained an express provision discontinuing the action and the two intermediate appeals. Counsel failed to include a reservation to the effect that the action should be deemed to be pending until the Metropolitan had actually made the contemplated designation and the designee had indicated his acceptance thereof. The president and the pastor of the church, speaking for the defendants, and each of the numerous plaintiffs present in court stated on the record their approval of the stipulation.
On the date set for the new meeting the Metropolitan appeared and explained why it was impossible for him to make the designation. An attempt was thereafter made to effect some compromise but without success. This motion to restore the case for trial was then made by defendants.
Despite the considerable effort by the court to dispose of this involved and burdensome litigation by agreement of the parties, it is now clear that the assumption upon which counsel *74 proceeded in entering into the stipulation disposing of the issues and discontinuing the action was unfounded and that that stipulation cannot be carried out. It would be a sheer waste of time to require defendants to bring an independent action to set aside the stipulation before the merits of the controversy could be reached.
This is a rather unusual situation where the parties in good faith assumed that a person not a party to the action would do a certain act in facilitation of their agreement to dispose of the litigation. In view of the Metropolitan’s refusal to make the designation — the precondition to the effective inception of the new agreement — the stipulation may and should be regarded as without legal effect and treated as if it had never taken place. Certainly, there is no way to compel the Metropolitan to make the designation, nor power under the terms of the parties’ stipulation in the court itself to make this or any other designation (cf. in the analogous situation of an agreement designating- a particular arbitrator who refuses to act Marcus v. Meyerson, 5 A D 2d 818; Matter of Golenbock, [Komoroff], 2 A D 2d 742).
This is not a case where a compromise results in the termination of an action and the execution of a new agreement giving effect to the settlement, which may not be set aside except by plenary action and for reasons which would vitiate a contract, such as fraud or overreaching by one party or mutual mistake with regard to subject matter chargeable to both parties (Yonkers Fur Dressing Co. v. Royal Ins. Co., supra; Bond v. Bond, 260 App. Div. 781; Hegeman v. Conrad, 1 A D 2d 788). Here the stipulation was rendered a nullity by the failure to act of a person not a party to the action. The action in effect is still pending, the parties being placed in status quo ante by the granting of this motion.
The court still believes that the parties to this intra-church dispute should reconcile their differences and that, despite the restoration of this case to the calendar, efforts in that direction should not be discontinued.
Settle order.