Matthew M. Levy, J.
This is a stockholders’ derivative action. It was instituted by four plaintiffs, suing on behalf of themselves and on behalf of all other stockholders of the subject corporation and in its right.
Alleging that their participation as plaintiffs was without their knowledge and consent and that any authorization signed by them was obtained by misrepresentation, the plaintiffs moved for leave to withdraw as such, and they also sought substitution of an attorney for their present one. Subsequent to the service of the notices of motion, the plaintiff Donavan submitted an affidavit revoking his request to withdraw from the action and for a change of counsel, and expressed his wish to continue in the action as plaintiff with his original attorney. The motions involved are numbered 122 and 123 of March 23, 1962, and are hereby consolidated.
A defendant cannot compel a plaintiff to continue litigation against the plaintiff’s will, without some proof of prejudice to the defendant were discontinuance permitted (Valentine v. Valentine, 134 App. Div. 664). The application of this principle is, however, a matter of no concern in the case at bar. For none of the defendants has objected to the withdrawal of the plaintiffs. Indeed, the present attorney of record for the plaintiffs suggests that the desire to withdraw on his clients’ part was generated by improper pressure or persuasion by the defendants, and the attorney asks that the court conduct a hearing to investigate the background giving rise to the instant motions for leave to change counsel and to discontinue the suit.
There is no need for, and no aid will come from, an investigation such as has been requested. The motions before me can be disposed of without undertaking such process. For it is established law that a plaintiff has an absolute right to substitute counsel (Lurie v. New Amsterdam Cas. Co., 270 N. Y. 379), with or without just cause (Matarrese v. Wilson, 202 Misc. 994, 997); and, of course, a plaintiff has the undoubted right to discontinue an action over the objection of his attorney (Crowley v. Wolf, 281 N. Y. 59). And since there is no claim for compensation made by the attorney upon these plaintiffs, that matter, too, is of no moment here.
I do not agree with the contention of the plaintiffs’ present attorney that the plaintiffs who desire to withdraw may not do *524 so except upon notice to all stockholders and with the right accorded to them to intervene to continue the action (Manufacturers Mut. Fire Ins. Co. of R. I. v. Hopson, 176 Misc. 220, affd. 262 App. Div. 731, affd. 288 N. Y. 668; cf. Lewin v. New York Ambassador, 189 Misc. 181). Where, as here, there are several plaintiffs, any one or more of them may withdraw from further participation in the action unless it be shown that the remaining plaintiff or plaintiffs are prejudiced thereby (Weber v. Ward, 129 Misc. 163, and cases cited therein). In the case at bar, no circumstance has been shown making a withdrawal inequitable. The plaintiffs are under no obligation to non-joining stockholders to continue the lawsuit (Hirshfeld v. Fitzgerald, 157 N. Y. 166; Manufacturers Mut. Fire Ins. Co. of R. I. v. Hopson, supra). And the withdrawal of the three plaintiffs will not affect the continuance of the present suit by the sole remaining plaintiff or deprive the other stockholders of the defendant corporation involved of any legitimate cause of action in its favor, since the withdrawal will be without prejudice thereto.
Clarke v. Greenberg (296 N. Y. 146) cited by the attorney, does not direct that I hold to the contrary. What Judge Dye said for the court at pages 149-150, makes that plain: “ [T]he stockholder-plaintiff, with such others as join with him, controls the course of the litigation at all stages of the proceeding before final judgment, he does not bind the nonparticipating stockholders by his action, or deprive them of their own right of action against the unfaithful directors, nor is he subject to their interference (Manufacturers Mut. Fire Ins. Co. v. Hopson, 176 Misc. 220, affd. 262 App. Div. 731, affd. 288 N. Y. 668; Hirshfeld v. Fitzgerald, 157 N. Y. 166; Brinckerhoff v. Bostwick, 99 N. Y. 185).” And Tenney v. Rosenthal (6 N Y 2d 204, 207), also relied upon by the respondent on these motions, is not in point. The issue in that case, as stated by Judge Fuld for the court, was 1 ‘ whether a director of a corporation may continue to maintain an action, brought by him while a director on behalf of the corporation, pursuant to section 61 of the General Corporation Law, after he has been defeated for re-election to said office ”.
Accordingly, the motion is granted, both as to substitution of attorneys and as to withdrawal as plaintiffs, except as to the plaintiff Donavan.