though the question is not without interest, I am not disposed to hold that, as matter of law, the time allowed is so short as to avoid the statute. The plaintiff's claim that the defendant's objection relates to the remedy, and not to the right of action, and therefore should have been pleaded, instead of being taken by demurrer, is against authority. The provision in question creates a condition precedent to the plaintiff's right of recovery. There is no doubt about the authority of the legislature to create such a one, and, being an act which must be performed by the plaintiff before she can recover, it is a fact which she must plead. It is not a mere statute of limitations. The distinction is pointed out in Hawley v. City of Johnstown, 40 App. Div. 568, 58 N. Y. Supp. 49. The averment that notice was "duly presented" loses all the force the plaintiff's counsel claims for it, because it is followed by the allegation that it was done on "May 15, 1901," thus showing that such presentation was actually made long after the time fixed by the statute.

I conclude that the judgment must be affirmed, with costs, with the usual leave to the plaintiff to plead anew. All concur.

(72 App. Div. 26.) ·

### LUDEMAN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. ATTORNEYS—AUTHORITY—STIPULATIONS RESPECTING DEPOSITIONS.

An attorney for the defendant in an action against a street railway company for personal injuries had authority to stipulate that plaintiff's deposition should be taken in advance of the trial, and that, in the event of his death before trial, it should be read on the trial of another action brought against the defendant by his personal representatives.

2. STREET RAILWAYS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a street railway company for the wrongful death of a passenger, decedent's deposition tended to establish that he signified his intention to get off; that the conductor rang the bell, and the motorman thereupon stopped the car; and that it was suddenly started while he was getting off, causing his injury. Two disinterested witnesses corroborated his testimony. Several witnesses for defendant testified that the car had not stopped. Others testified that decedent, immediately after he was injured, stated that he attempted to get off while the car was in motion, in order to get a train, and that it was not the fault of defendant's servants. Held, that a verdict for decedent's administratrix would not be disturbed.

Appeal from trial term, New York county.

Action by Amelia Ludeman, as administratrix, etc., against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Charles L. Guy, for respondent.

McLAUGHLIN, J. Action to recover damages sustained by the widow and next of kin of William H. Ludeman, deceased, resulting

from his death, alleged to have been caused by the defendant's negligence. There have been two trials. At the close of the first trial a verdict was rendered in favor of the plaintiff, which was set aside, and a new trial granted, by the learned justice presiding, upon the ground that it was against the weight of evidence; and on appeal to this court the order was affirmed. Ludeman v. Railroad Co., 30 App. Div. 520, 52 N. Y. Supp. 310. On the second trial a verdict was again rendered in favor of the plaintiff, and from the judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken. The judgment is attacked upon two grounds: (1) That the trial court erred in admitting in evidence the deposition of the intestate taken in an action brought by him against this defendant; and (2) that it was against the weight of evidence.

1. The deposition which was read in evidence was taken in pursuance of a stipulation signed by the attorneys for the respective parties in an action brought by the intestate against this same defendant to recover damages for personal injuries alleged to have been sustained by the plaintiff on the ground of defendant's negligence, and which injuries, it is conceded in this action, finally resulted in his death. The stipulation was as follows:

"William H. Ludeman vs. Third Avenue R. R. Co.

"In the matter of the perpetuation of the testimony of William H. Ludeman for use on the trial of an action to be brought by the executor or administrator of the said William H. Ludeman on behalf of the widow or next of kin of the said William H. Ludeman in the event of his death.

"It is stipulated by and between the attorneys for the parties hereto that the deposition of the above-named William H. Ludeman shall be taken at his residence, No. 126 West 129th street, in the city of New York, on the 12th day of June, 1897, at 3 o'clock in the afternoon of said day, and that plaintiff's attorney shall examine the said plaintiff orally, and the attorneys for the defendant shall cross-examine him orally; and that such examination and cross-examination be reduced to writing, and signed and sworn to by the said William H. Ludeman before a notary public in the county of New York; and that the deposition so taken may be read on the trial of the above-entitled action, now pending, or, in the event of the death of the said William H. Ludeman before the trial of the above-entitled action now pending, on the trial of any action instituted by the legal representatives of the said William H. Ludeman against the said Third Avenue Railroad Company, pursuant to sections 1902, 1903, 1904, and 1905 of the Code of Civil Procedure. It is further stipulated that all objections to the testimony taken on such examination be, and the same are hereby, reserved until the trial of either of such actions."

Subsequent to the taking of the deposition, Ludeman died, and thereafter this action was brought by his administratrix, and, upon plaintiff's attorney attempting to read the deposition at the second trial (it does not appear that any objection was made to it on the first trial), the defendant's attorney objected to the reading of the same, on the ground that the stipulation was made without authority, and for that reason it was not binding upon the defendant. The objection was overruled, and an exception taken. We are of the opinion that the objection was properly overruled. It is true, when the deposition was taken the present cause of action had not then accrued, but an action was pending against the defendant to recover damages for the same negligent act upon or for which a recovery is

here sought. In that action it seems that the defendant deemed it of sufficient importance, in order to obtain in advance of the trial what the plaintiff claimed, and the theory upon which a recovery was sought, to make the stipulation which it did. It cannot be denied that this was of advantage to the defendant, whether the plaintiff in that action lived, or, in case of his death, an action was brought by his representatives. It put the defendant in possession of substantially all that the plaintiff claimed. ·It was notified in advance of just what it might expect to meet upon the trial. This was a sufficient consideration for the stipulation, and we think the attorney had the power to make it. He thereby obtained something for his client in the production of that action which he could not have obtained in any other way; and, having obtained this advantage, the client could not thereafter repudiate his act. An attorney in an action has implied authority, by virtue of his retainer, to do whatever, in his judgment, may be necessary to advance his client's interest, either in the prosecution or defense of the action; and to that end he can agree that the deposition of the opposing party may be taken, and, if he dies before trial, that deposition can be read upon another trial brought by his representatives to recover for substantially the same cause of action. It is important, in the practice of law, at least, that good faith and fair dealing among attorneys should not only be upheld, but their agreements enforced. The defendant, therefore, having obtained the benefit of the examination of the intestate, could not thereafter legally object (in view of the stipulation, which clearly contemplated, both in letter and spirit, the subsequent use to which the deposition was put) to the reading of the deposition in an action brought by his representatives, and especially in view of the fact that it was admitted by the defendant upon the trial that the intestate's death "was the direct result of the injuries received," to recover for which his action was brought.

2. The verdict was not against the weight of evidence. The intestate, at the time he was injured, was a passenger on one of defendant's cars. The real question litigated upon the trial was whether he alighted from the car while it was in motion, or whether the car was suddenly started while he was in the act of getting off. The deposition of the plaintiff's intestate tended to establish that the intestate signified his intention to get off the car at the intersection of 125th street and Park avenue, and that the conductor, in compliance with his request, gave the signal to the motorman, who thereupon stopped the car; that while he was in the act of stepping from the car to the street the former was suddenly started, he was dragged some distance, and finally thrown to the street, and very seriously injured. As already indicated, it was conceded that the injuries which he then received resulted in his death. The statement of the intestate as to how he was injured was corroborated by two disinterested witnesses, both of whom agreed with him that the car was suddenly started after the intestate commenced to· step from it to the street. In oppositon to this testimony several witnesses were produced on the part of the defendant, all of whom testified, in substance, that the car did not stop, but that the deceased was injured by stepping from it while it was in

motion. Testimony was also given by several witnesses to the effect that the deceased, immediately after he was injured, stated that he had attempted to jump from the car while it was in motion, in order to catch a train, and that his injuries were not caused by the fault of any of the servants of the defendant. But as to testimony concerning these admissions, we fully concur in the view expressed by this court on the former appeal. It was there said: "Great importance is not to be attached to statements made in answer to questions immediately following such an occurrence as happened in this case, when, from pain and shock and confusion of mind, a sufferer can scarcely be held responsible for all he says." It is true, the defendant had the larger number of witnesses to establish its version as to how the accident occurred. But this is not controlling. Taking into consideration all of the circumstances, the credibility of the witnesses was for the jury, and, it having reached the conclusion that the testimony given by the plaintiff's witnesses was true, its verdict was justified, and ought not to be disturbed. In this connection it should also be borne in mind that two juries have reached the same conclusion, and this fact must be considered in determining whether there ought to be another trial upon the facts. Barrett v. Railroad Co., 45 App. Div. 225, 61 N. Y. Supp. 9; Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123; Pennington v. Townsend, 7 Wend. 278.

We are of the opinion that the verdict was justified by the evidence, and that there are no errors which call for a reversal of the judgment. The judgment and order appealed from, therefore, must be affirmed, with costs. All concur.