(98 App. Div. 143)          MORRIS v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department.   November 25, 1904.)

**1. ATTORNEYS—STIPULATIONS—AUTHORITY—TIME TO ANSWER.**

An attorney for plaintiff has authority to stipulate that the defendant shall have the same time in which to answer or demur to the complaint when served as plaintiff had in which to serve the complaint, as a condition to the granting of the stipulation extending plaintiff's time to serve the complaint.

**2. SAME—IMPROVIDENT STIPULATIONS—VACATION.**

The court has authority to relieve a party from a stipulation extending the time to answer thoughtlessly or improvidently made by his attorney.

**3. SAME—DISCRETION.**

Where plaintiff's former attorney stipulated as a condition to an extension of time to serve the complaint that the defendant should have the same time to answer as plaintiff had altogether to serve the complaint, and no fraud was shown, and defendant had fully executed the stipulation on his part, it was improper for the court in its discretion to relieve plaintiff from such stipulation, in the absence of any change in the circumstances of the parties, etc.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by Henry John Morris against the Press Publishing Company. From an order denying defendant's motion for an order requiring plaintiff to grant an extension of time to answer in accordance with a written stipulation, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. H. Van Benschoten, for appellant.

R. Percy Chittenden, for respondent.

LAUGHLIN, J.   The action, which is for an alleged libel published in the New York World, was commenced on the 27th day of March, 1903.   The time of the plaintiff to serve his complaint was, at his request, extended by successive stipulations for the period of one year, one month, and three days, and was then served on the 30th day of April, 1904.   The extensions for the period subsequent to the 13th day of October, 1903, were by virtue of stipulations signed by attorneys for both parties containing the following express provision, to wit: "The defendant to have the same amount of time in which to answer or demur to the complaint, when the same shall be served, as the plaintiff has had altogether in which to serve the complaint."   The attorney for the plaintiff thereafter extended the time of the defendant until the 11th day of August, 1904.   On the 8th day of August the defendant endeavored to obtain a further extension, but, being unable to find the attorney for the plaintiff, gave notice of a motion returnable on the 11th for an order to show cause why its time should not be extended for the full period covered by the stipulations.   On the 7th day of August, 1904, an order of substitution of attorneys for the plaintiff was granted herein and served two days later.   No affidavit of the former attorney or of the client was presented in opposition to the motion.   An affidavit

of the substituted attorney shows such substitution, and that he was unwilling to carry out the stipulation on account of the fact that it would postpone for a long time the date of issue. The authority of the attorney for the plaintiff to make the stipulation as a condition of extending his time to serve the complaint by consent is beyond question. Beardsley v. Pope, 88 Hun, 560, 34 N. Y. Supp. 846; Cox v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 418; Smith v. Barnes (Super. N. Y.) 29 N. Y. Supp. 692. On the other hand, the authority of the court to relieve a party from a stipulation thoughtlessly or improvidently made by his attorney is likewise beyond question. Ludeman v. Third Ave. R. Co., 72 App. Div. 26, 76 N. Y. Supp. 128; Mark v. City of Buffalo, 87 N. Y. 189. Here no fraud or collusion is shown, and the stipulation has been fully executed on the part of the defendant. The plaintiff has had the benefit of the extensions and of everything that may result therefrom. In the meantime the law relating to preference in the trial of libel cases might have been changed; and it was in fact attempted to be changed by an amendment to section 793 of the Code of Civil Procedure (Laws 1904, p. 312, c. 173), the effect of which is at present under consideration by this court. The defendant, in extending the plaintiff's time to serve the complaint, was necessarily postponing the date of issue, and incurring the risk of a different rule by which the trial of the action might be earlier or later than if issue were joined while the law remained unchanged. It was not competent, therefore, for the court to relieve the plaintiff from this stipulation, unless the defendant could be restored to its original position, so that the result could be accomplished without prejudice to it. In the circumstances it is doubtful whether this could have been done, but, however that may be, the authority of the court to relieve a party from a stipulation is the exercise of a judicial discretion, which may not be invoked without cause shown. In the present case no change in the circumstances of the parties appears, and it was not shown that anything has transpired which was not foreseen and contemplated by the parties. The court therefore was not warranted in exercising the judicial discretion, even if it could be exercised in this case.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, without costs, since the attorney was not requested to grant the extension prior to the application. All concur, except O'BRIEN, J., who dissents.