(53 Misc. Rep. 644)

HERING v. LAND & MORTGAGE CO., BOHEMIA, OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. March 14, 1907.)

1. STIPULATIONS—RELIEF FROM—DISCRETION OF COURT.

Where plaintiff secured default, but stipulated to restore the case to the calendar, and on the day for trial defendant asked to pay the default judgment and be relieved from the stipulation opening the default, the court has no discretion to grant the request, without cause shown.

2. SAME—GROUNDS FOR REVIEW—SUFFICIENCY OF JUDGMENT.

Where plaintiff secured judgment by default, and her damages were assessed, but she stipulated to open the default, from which stipulation the court relieved defendant upon payment of the default judgment, the order relieving defendant from the stipulation is not appealable.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Margaretha Hering against the Land & Mortgage Company, Bohemia, of the City of New York. From a judgment against plaintiff, she appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

M. Strassman, for appellant.

Chas. Melville Weeks, for respondent.

PER CURIAM. This action was brought to recover $500 damages for personal injuries. The cause came on for trial October 9, 1906, and the defendant made default. An inquest was thereupon taken, and judgment rendered on the same day for $25 in favor of the plaintiff. At defendant's request the plaintiff agreed to open the default and restore the case to the calendar for trial October 30, 1906, upon the payment of $10. This stipulation was in writing, and was filed October 10, 1906. On October 30, 1906, plaintiff was in court with her witnesses and ready to proceed. Defendant, however, asked to be relieved of its stipulation opening the default, and offered to pay the $25 theretofore awarded upon the inquest. The plaintiff objected to this motion of the defendant, but the court granted the motion on the full payment of the judgment taken by default, and from this order the plaintiff appeals.

"The authority of the court to relieve a party from a stipulation is the exercise of a judicial discretion, which may not be invoked without cause shown." Morris v. Press Pub. Co., 98 App. Div. 143, 90 N. Y. Supp. 673. There is nothing in the record to show that the stipulation was thoughtlessly or improvidently made. Indeed, there is no fact shown from which we can infer any reason for setting aside this stipulation. At the time the stipulation was set aside; plaintiff's

right to move to vacate the judgment for insufficiency, under section 254 of the Municipal Court Act (Laws 1902, p. 1563, c. 580), and, of course, her right to appeal, were gone. She is thus actually forced to accept $25 from the defendant and end the litigation. She relied upon the defendant's promise to retry the issues and gave up her right to move to vacate the judgment. The harsh inequality of the situation is thus obvious. The court below had no authority to disregard the stipulation. The order, however, is not an appealable one. White v. Lawyers' Surety Co. (Sup.) 84 N. Y. Supp. 247; Pascocello v. Brooklyn Heights R. R. Co., 26 Misc. Rep. 412, 56 N. Y. Supp. 177.

The appeal will therefore be dismissed, without costs, and the appellant should move in the court below to set aside the order appealed from and to restore the case to the calendar for trial.