Matter of the Judicial Settlement of Account of Proceedings of Ellen Callahan, as Administratrix of the Goods, Chattels and Credits of Thomas F. O'Brien, Deceased.

(Surrogate's Court, Albany County, February, 1919.)

Stipulations — when client may and may not be relieved from attorney's stipulations — jurisdiction — accounting — executors and administrators.

Where it is not made to appear that a stipulation entered into by the attorney of an administratrix, upon the trial of objections to her account to the effect that, for the purpose of division of the estate, certain corporate stock should be

charged to her as if sold at 142 on the day of said trial, was unreasonable or such a surrender of the rights of the administratrix as to constitute an abuse or gross violation of them, and she permits the other next of kin to rely upon its terms and to become inactive with regard to such stock during a period of further depreciation in its value, her motion to be relieved from the stipulation upon the ground of the attorney's want of authority to make it, and that she never approved his action in regard thereto, and to strike the stipulation from the record, will be denied.

Where a further stipulation entered into by said attorney several months later by the terms of which objections to the allowance of commissions to the administratrix were sustained, all other objections withdrawn and certain sums specified in the maximum as allowances for the parties for services of counsel, including an allowance for the services of the attorney for the administratrix, and among the objections so withdrawn was one of several payments aggregating $5,000 paid to the attorney for the administratrix for services to the estate, and upon the filing of such stipulation several months later it was immediately disaffirmed by the administratrix and a supplemental account filed through another attorney appearing for her and who has since been substituted as her attorney of record, her application to be relieved from said stipulation made upon the same ground as regards the former stipulation will be granted except so far as it may be affected by the first stipulation.

PROCEEDING upon the judicial settlement of the accounts of an administratrix.

William R. Murphy, for petitioner, Ellen Callahan.

Mills & Mills, for John O'Brien.

Hun & Parker, for John F. O'Brien as committee of Richard O'Brien, an incompetent person.

Thomas F. McDermott, special guardian for unknown infant heirs of Edward Reardon.

STALEY, S.  This is an application by the administratrix to strike from the record herein and be relieved

from a stipulation made on July 15, 1918, by her attorney, in open court, upon the trial of objections to her account of proceedings and which stipulation is to the effect " that for the purpose of division of the estate, the Municipal Gas Company stock shall be charged to the administratrix as if sold on this day at 142," and for relief from a stipulation signed by the attorneys herein, dated October 1, 1918, and filed in this proceeding on December 20, 1918; the latter stipulation being to the effect " that the objection to the allowance of any commissions to the administratrix herein be sustained and that all other objections to the account be overruled, and it is further stipulated that the court may award, as and for their allowances for services, upon this accounting exclusively, sums not exceeding " certain sums stated therein, to the parties appearing herein.

The authority of the court to relieve a party from a stipulation is an exercise of judicial discretion which may not be invoked without cause shown. *Morris* v. *Press Publishing Co.*, 98 App. Div. 143; *Hering* v. *Land & Mortgage Co.*, 53 Misc. Rep. 644.

The sole ground urged by the administratrix for relief from the stipulation of July fifteenth is that her attorney had no authority to make such stipulation and that she never approved his action in this regard. It is not claimed by the administratrix that this stipulation was conceived in fraud, nor is any fact shown in the moving papers which tends to establish that the stipulation, under the facts and circumstances of the case, was unreasonable, or such a surrender of the rights of the administratrix as to constitute an abuse or gross violation of them.

Letters of administration were issued to the administratrix on the 26th day of October, 1914, upon a peti-

tion alleging that she was a first cousin of the decedent and the only next of kin. Various persons advanced claims of relationship and of the right, as next of kin, to share in the personal estate and, as heirs at law, to share in the real property left by the decedent, and on November 21, 1914, one Anna Manning commenced an action in the Supreme Court for the partition of certain real estate belonging to the decedent, in which action the administratrix was made a defendant. This action was tried in January, 1916, and the judgment therein, upon the verdict of a jury, affirmatively established that John O'Brien, Richard O'Brien and Edward Reardon were first cousins of the deceased and of the same degree of relationship as the administratrix, and, with her, included within the term next of kin.

It further appears that assets of the estate to the value of approximately $61,000 at the time they came into the hands of the administratrix, consisted of nontrust securities, which were either held by the administratrix at the time of the filing of her account on June 13, 1918, or had been disposed of by her during the months of April and May, 1918, at an alleged apparent loss of approximately $9,000.

The account filed June 13, 1918, states that 136 shares of the common stock of the Municipal Gas Company of Albany has not been sold because the market for same is inactive and some of the next of kin are willing to accept a distribution thereof in kind, at a valuation to be fixed by the surrogate. In what manner this willingness on the part of the next of kin to accept a portion of this stock was expressed is not disclosed; one of the next of kin is an incompetent, whose property is in the hands of a committee; the whereabouts of another is unknown and his share, if decreed to

Surrogate's Court, Albany County, February, 1919. [Vol. 106.

him, may be required to be deposited in court. The statement in the account would seem to be without foundation, except as it may evidence a disposition and willingness on the part of the administratrix to accept her share, in whole or in part, in this security.

Objections were filed to the account by two of the next of kin and these objections came on to be heard on July 15, 1918. The objections and the testimony offered related to the losses sustained by the estate through the alleged negligence of the administratrix in holding nontrust securities for so long a period and selling them at an apparent loss, to the right of the administratrix to invest the assets in nontrust securities, and to items of disbursements shown in the account for administration expenses.

During the progress of this hearing and at a time when the Municipal Gas stock was the only security remaining undisposed of, and when the administratrix had filed her account for the purpose of a judicial settlement and distribution, her attorney. made the stipulation now sought to be stricken from the record. At that time Municipal Gas Company stock was being offered at 148 and was being sought at 136. The stipulation charged it to the administratrix as if sold on that day at 142. At the time of the disaffirmance of the stipulation on the part of the administratrix and of her application to have it stricken from the record, the stock had depreciated in value and is alleged to have had a market value at that time of between 110 and 113.

The administratrix in her moving papers states that her attorney never told her of this stipulation of July fifteenth and that the only time she had any intimation that she might be called upon to take some stock as part of her share was on July 20, 1918, when her attorney told her that she might be obliged to take

some stock, to which it is alleged she replied that she didn't want stock but wanted cash. Her attorney, however, at the hearing held on December 20, 1918, stated that "in all proceedings attorney for the administratrix has acquainted her with the facts as they transpired, and after the hearing of July fifteenth, told her the stipulation that was made in open court and that it would be necessary for her to take at that value the stock which was set aside, or to dispose of it and be responsible for it at a cash value." There were further hearings in the proceeding, subsequent to July fifteenth, in which this attorney appeared for the administratrix, but at no time, nor in any manner, was disapproval of the terms of the stipulation by the administratrix, or her unwillingness to be charged with this stock at the figure stipulated, made known until December twentieth.

It was the duty of the administratrix to sell the personal property of the deceased for the payment of debts and for making distribution and it is inconceivable how the administratrix could receive her share in cash, as it is alleged she told her attorney on July twentieth she desired to do, in the absence of an agreement on the part of the other next of kin to accept this stock in lieu of cash, unless the stock was sold and the assets converted for a cash distribution.

The facts and circumstances of the case justify the conclusion that the stipulation of July fifteenth was not unreasonable and that, if binding upon the administratrix, the discretion of the court should not be exercised to disturb it; and particularly so when the administratrix permitted the other next of kin to rely upon its terms and to become inactive upon this branch of the case during a period of further depreciation in value of this security.

Surrogate's Court, Albany County, February, 1919.   [Vol. 106.

It has long been settled that the authority of an attorney extends to the management of the case in all the exigencies which arise during its progress and that, in the absence of fraud, his authority cannot be questioned by his client because of the want of specific authority to do the act done or consented to. *Clinton v. New York Central & H. R. R. R. Co.,* 147 App. Div. 470.

The stipulation of July fifteenth clearly comes within the above rule. The account of the administratrix was filed for the purpose of judicial settlement and decree for distribution. The gas stock was not converted into cash, but was reported in the account as being in the hands of the administratrix. The distribution of the estate necessarily involved that a disposition of this stock should be provided for, either (1) by its distribution among the next of kin, (2) by its sale and distribution of proceeds, or, (3) by being charged to the administratrix at a specified price. There was no agreement among the parties, and there is doubt as to whether any was legally possible as to two of the next of kin, by which distribution in kind could be made available; the administratrix had not sold the stock at the time of filing her account and has failed to do so since that time.

From the very nature of the case, the value of this stock was an issue in the accounting proceeding and had to be disposed of before its final determination. The administratrix chose her representative in the selection of her attorney. He has appeared by her authority and was entrusted with the management of her cause. He agreed in open court that she should be charged with this stock at a price which represented its value at that time, and this it would seem he had ample authority to do under his retainer. His con-

tract, in the absence of fraud, is her contract. Good faith will not permit a party to repudiate an agreement made in an accounting proceeding by her attorney with the other parties and the court as to the value of undisposed securities five months after it was made and when the securities have depreciated in value, upon the sole ground that the party did not consent to such agreement and that the same was made without her specific authority.

The stipulation of July fifteenth is, therefore, binding upon the administratrix and the application to strike the same from the record is denied.

The application for relief from the stipulation of October 1, 1918, presents, however, a different situation, although made upon the same ground. This stipulation was not filed until December twentieth and was immediately disaffirmed by the administratrix in a supplemental account filed on that day and through another attorney appearing for her, who has since been substituted as her attorney. By its terms, the objections to the allowance of commissions to the administratrix were sustained, all other objections were withdrawn and certain sums specified in the maximum as allowances to the parties for services of counsel, including the services for the attorney for the administratrix. Among the objections withdrawn by this stipulation was one to the allowance of two several payments aggregating $5,000 paid to the attorney for the administratrix for services to the estate. This objection, upon the necessity for and value of the services rendered, was the subject of testimony at the hearing on July fifteenth and at the subsequent hearing on October first, which sought to establish that the payment of $5,000 to the attorney included compensation for services to the administratrix, personally, in the

14

partition suit and for services of a clerical and administrative nature, which should properly have been performed by the administratrix personally and for which the commissions allowed by law are intended to compensate. The effect of the stipulation was to surrender the right of the administratrix to commissions and to remove all question as to the legality of the $5,000 payments to the attorney.

I am reluctant to exercise a discretion and refuse relief to a party where such refusal rests upon the integrity of a stipulation made without the party's consent, by her attorney, by which the attorney himself may possibly derive a benefit, and which she promptly disaffirmed.

The application for relief from the stipulation of October 1, 1918, except so far as it may be affected by the stipulation of July fifteenth, is therefore granted.

Decreed accordingly.