VERONICA PETRULLA, Also Known as VERONICA ZVIRBLIS, Respondent, v. ELSA BROSLIN, as Administratrix, etc., of JOHN BROSLIN, Deceased, Respondent. RICHMOND COUNTY BUILDING AND MUTUAL LOAN ASSOCIATION, Appellant, v. ELSA BROSLIN, Individually and as Administratrix, etc., of JOHN BROSLIN, Deceased, and Others, Respondents. In the Matter of the Petition of VERONICA PETRULLA, General Guardian of the Person and Property of VERONICA ZVIRBLIS, Respondent, to Revoke Letters of Administration of ELSA BROSLIN, upon the Estate of JOHN BROSLIN, Deceased, for an Accounting and for Other Relief.— Order entered May 16, 1933, and order entered July 10, 1933, modified to permit the appellant Richmond County Building and Mutual Loan Association to be relieved from the stipulation of June 7, 1932, to the extent only that it may present proof to the court, in the action settled by such stipulation, to establish and have judicially determined that the person known as John Broslin and Ignaz Zvirblis was one and the same person for the purpose of clearing the title to certain real property involved in the litigation, and to make possible the insurance of such title as the stipulation contemplated — and as so modified affirmed, with ten dollars costs and disbursements to respondents filing briefs. The appeal from the order denying motion for reargument entered July 24, 1933, is dismissed. The appellant undertook in the stipulation to institute and perfect all the preliminary proceedings as the title company might require to make the title clear. A judicial determination of the identity of Broslin as Zvirblis is necessary to accomplish this result. No doubt it might be established in another proceeding, as indicated by respondents, but if, in the interest of all the parties, the appellant prefers to establish

the fact in an action pending but settled, that should be permitted if it can be done without prejudice to the substantial rights of the parties acquired under the stipulation. If necessary, the plaintiff may apply at Special Term to open any order or judgment to make the proof as above stated. It is unnecessary to vacate the entire stipulation, and the court at Special Term properly denied the motion. An order had been entered confirming the rights acquired and directing that its provisions be carried out. There was no motion to vacate that order. The position of the parties has changed and courts will not under those circumstances relieve one party from any substantial obligation it has incurred under a stipulation. (*Levy* v. *Delaware, Lackawanna & Western R. R. Co.*, 211 App. Div. 503.) The appellant must promptly elect whether it will proceed in the action or under the provisions of the second order, to the end that these actions may come to a speedy, final termination. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.