Laura Bond, Respondent, Appellant, *v.* Austin Bond, Appellant, Respondent.

Second Department, December 23, 1940.

*Sol Horenstein,* for the appellant, respondent.

*Louis Cohen* [*Stanley J. Harte* with him on the brief], for the respondent, appellant.

Per Curiam. In this action brought by the plaintiff wife against the defendant husband for a separation, the defendant in his amended answer set up a counterclaim for separation. The case came on for trial and after the plaintiff's case was completed

and the defendant had entered upon his defense, a conference with the court was arranged, at the suggestion of the defendant's counsel, with a view to adjusting the matter without further litigation. The defendant was present at the conference, accompanied by his trial counsel and two additional members of the bar. The plaintiff also was present, represented by her attorney and her trial counsel. An agreement was reached and a stipulation entered upon the minutes pursuant to which the defendant withdrew his answer and his counterclaim. The stipulation provided that a judgment of separation would be entered, with a provision for the support of the plaintiff, and awarding custody of the infant son of the parties to the plaintiff, with the right of visitation on the part of the defendant. The defendant was called to the witness stand and, under oath in open court, asked the court to make a decree in accordance with the stipulation.

Thereafter, through a substituted firm of attorneys, he sought to be relieved of the stipulation and again go to trial on the issues involved. The only ground urged in the moving affidavit is that he was awed by the presence of the justice and others present. The motion was granted, the order providing that the defendant should pay the plaintiff's attorney an additional counsel fee of $350 for services rendered up to the date of the order. From this order the plaintiff appeals; and the defendant appeals from so much of the order as directs the defendant to pay to the plaintiff's counsel the additional counsel fee.

Thereafter, the defendant moved to strike from such order the provision thereof that limited such counsel fee to the date of the order. The motion was denied and the defendant likewise appeals from that order.

It is well settled that the court has power to relieve a party from a stipulation in a situation which is unjust or harsh even when fully understood and authorized. (*Humphries* v. *Shapiro,* 187 App. Div. 96.) But where the stipulation is entered into in open court as this one was, in the presence of the parties and their counsel, it partakes of the nature of a contract and can be set aside on no less grounds. (*Keogh* v. *Main,* 20 J. & S. 160.) The nebulous grounds advanced by the defendant in his moving affidavit do not constitute sufficient basis for rescission and the authority of the court to relieve is a judicial function and may not be invoked except upon good cause shown. (*Matter of Callahan,* 106 Misc. 202; affd., without opinion, 188 App. Div. 944; *Morris* v. *Press Publishing Co.,* 98 id. 143.) Nor will the stipulation be vacated if the parties cannot be restored to the *status quo ante.* (*Barry* v. *Mutual Life Ins. Co. of N. Y.,* 53 N. Y. 536.) In the instant case the plaintiff

had completed her case. Her witnesses had been assembled from distant points, many of them from outside the jurisdiction of the State. At the time the motion was made they had departed and were beyond the jurisdiction of the court.

The stipulation does not seem to be unfair; and the defendant's claim that he will prove the plaintiff an unfit person to have custody of the child is unsupported by any proof whatever. The motion was apparently granted by the learned justice at Special Term through an excess of caution and because of the defendant's claim that he was overawed by the presence of the court. It was an improper exercise of the court's discretion, assuming that the court possessed discretion, to grant the motion on such unstable grounds.

On appeal by the plaintiff wife, the order vacating defendant's stipulation and restoring the case for trial should be reversed on the law and the facts, with ten dollars costs and disbursements to plaintiff appellant, and the motion to vacate the stipulation should be denied, with ten dollars costs.

In view of the foregoing, the appeal by the defendant husband from part of the above-mentioned order, and his appeal from the order denying his motion to strike from said order the words " for services rendered up to the date hereof," should be dismissed, without costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and CLOSE, JJ., concur.

On appeal by plaintiff wife, order vacating defendant's stipulation and restoring the case for trial reversed on the law and the facts, with ten dollars costs and disbursements to plaintiff appellant, and motion to vacate the stipulation denied, with ten dollars costs.

The appeal by defendant husband from part of the above-mentioned order, and his appeal from the order denying his motion to strike from said order the words " for services rendered up to the date hereof " are dismissed, without costs.