MORRIS AKS, Appellant, v. BUFFALO SAVINGS BANK, Respondent.— In an action to recover a broker's commission, two orders were made under section 51-a of the Civil Practice Act. Order granting leave to defendant to give notice of the pendency of the action to a nonresident claimant, and order staying proceedings upon payment by defendant into court of the full sum demanded in the complaint, affirmed, with one bill of $10 costs and disbursements. No opinion. Carswell, Acting P. J., Adel, Nolan and Sneed, JJ., concur; Johnston, J., dissents and votes to reverse the orders and to deny the motions, with the following memorandum: The writing signed by plaintiff on March 22, 1948, is a promise by him to pay Savage out of the "commission received" a portion thereof. This creates a claim by Savage against plaintiff, but it does not give Savage any direct claim against defendant. Unless Savage has such a direct claim, the orders may not be upheld. The situation in the case at bar is in all respects similar to that in Mitchell v. Catlin & Powell Co. (71 Misc. 450), cited with approval in Pouch v. Prudential Ins. Co. (204 N. Y. 281, 287), where an order denying interpleader was affirmed. [See post, p. 928.]

ALPHA SYNDICATE, INC., Appellant, v. LENOBEL MOTOR SALES, INC., Respondent.— Order denying plaintiff's motion for summary judgment in an action to recover reasonable rent fixed in a proceeding under the Emergency Business Rent Law (L. 1945, ch. 314, as amd.), affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

RACHEL S. CAMPBELL, Respondent, v. CAROLINE BUSSING, Appellant.— Order granting respondent's motion to vacate an order of reference reversed on the law, with $10 costs and disbursements, and the motion denied, without costs. The stipulation for a reference made by plaintiff's attorney was binding on her even though made without her express consent. The court has control over stipulations and power to relieve from the terms thereof when the parties can be placed in statu quo. But the stipulation will not be destroyed without a showing of good cause therefor, such as fraud, collusion, mistake, accident, or some other ground of the same nature; and no such ground has been shown. Carswell, Acting P. J., Johnston, Adel and Sneed, JJ., concur; Nolan, J., dissents and votes to affirm.