(November 18, 1953.)

HELEN K. HEWIG et al., Respondents, v. CHARLES J. KLEINMAN et al., Defendants, and MICHAEL D. CONRY, Appellant.

*Per Curiam.* The Special Term erred in amending the judgment of foreclosure and sale by reducing the amount which plaintiffs' interests should be charged with for payment of taxes by the sum of $545. The judgment of foreclosure and sale provided the amount chargeable against the plaintiffs' interests to be $1,619.53. This amount was arrived at pursuant to stipulation dated November 10, 1949, between the plaintiffs and the defendant Harwood. It was entered into upon the return of a motion by plaintiffs for summary judgment. The stipulation after providing for withdrawal of the defendant Harwood's answer and consenting to entry of judgment of foreclosure and sale contained this provision: "That the judgment of foreclosure and sale to be entered herein shall provide that the amount computed to be due and owing to plaintiffs by the Referee, hereafter to be appointed to compute herein, shall be reduced by the sum of $1,619.53." Judgment was thereafter entered on November 25, 1949, in accordance with the stipulation. The entry of judgment terminated the foreclosure litigation (*Velleman* v. *Rohrig,* 193 N. Y. 439). Approximately two years thereafter in a proceeding for confirmation of the Referee's report, plaintiffs seek to be relieved of that part of their stipulation entered into on November 10, 1949, fixing the amount of $1,619.53 as a charge against their interests and to amend the judgment of foreclosure and sale accordingly. While recognizing that a court retains control over all proceedings in an action, including stipulations made in the progress of the litigation so long as the action is pending and the parties can be restored to their original position (*Barry* v. *Mutual Life Ins. Co.,* 53 N. Y. 536; *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435; *Bond* v. *Bond,* 260 App. Div. 781) such rule does not obtain in a situation like the present where no action is pending, the litigation having gone to final judgment and where it appears that the parties to the stipulation cannot be restored to their original position.

We also are of the opinion that the court erred in granting an additional allowance to the Referee in the absence of an application therefor upon motion.

It follows that the order confirming the Referee's report of sale should be modified in the respects above indicated and, as so modified, affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to any party. [See 283 App. Div. 767.]