Benjamin Brenner, J.
This is a motion to vacate a stipulation which amended the answer and to restore the answer as originally served.
The answer as originally served contained a denial by the defendant Packer that the defendant Arnone was driving the automobile in the course of his employment for Packer when the alleged accident occurred. After an examination before trial of Arnone had revealed his employment at said time the attorneys for the plaintiff and the defendants entered into a stipulation in which the answer was amended to admit such employment.
The defendants’ agreement to the stipulation was apparently based upon the erroneous conclusion that Arnone’s admission of the crucial issue as to his employment by Packer was binding *795 upon, the latter defendant. If these were the only facts presented the court would be constrained to exercise its discretion to grant the relief sought because under existing decisions the court has discretionary power to relieve a party from a stipulation made during the progress of an action (Barry v. Mutual Life Ins. Co. of N. Y., 53 N. Y. 536; Barcia v. Barcia, 283 App. Div. 726; Bond v. Bond, 260 App. Div. 781) where such a stipulation was made because of a mistake of fact (Magnolia Metal Co. v. Pound, 60 App. Div. 318) or a mistake of law (Matter of Di Donato v. Rosenberg, 230 App. Div. 538, affd. 256 N. Y. 412) or through inadvertence (Campbell v. Bussing, 274 App. Div. 893; Bond v. Bond, supra).
However, subsequent to the stipulation, the president of defendant Packer undeniably and in writing confirmed the fact that Arnone was in the employ of his company at the time of the accident. The stipulation therefore does not contain any mistake which needs correction. Nor is there justification for the reinstatement of the original answer which would thereby relieve the defendant of the stipulation. To do so on the eve of trial would plainly prejudice plaintiff who would now be forced to delay trial, resume examinations before trial of the parties and, what is most damaging, he would be put to the proof of the stipulated fact even though it was thereafter confirmed.
The motion is denied. Submit order.