Joseph M. Conroy, J.
Motion by the plaintiff to punish the defendant for contempt of court for his failure to comply *994 with the judgment of separation entered against him, dated April 2,1959.
Plaintiff claims that the defendant willfully failed to comply with the said judgment in (a) failing to pay the sum of $22 per week for the support and education of the child of the parties, as required by the fourth decretal paragraph, totalling $484; (b) in failing to pay the sum of $87.50 as directed by the fifth decretal paragraph; (c) in failing to execute any instrument to effectuate the transfer of premises 86-11 57th Avenue, Elmhurst, Queens County, as required by subdivision (c) of the sixth decretal paragraph; (d) in failing to pay oil bills for said premises, amounting to $372.69, as required by the eighth decretal paragraph; (e) in removing from the premises, contrary to the restraint contained in the tenth decretal paragraph, an air conditioner and a refrigerator and (f) in failing to pay the sum of $200 at the office of plaintiff’s attorneys, representing the security on the premises in Elmhurst, received by the defendant from the tenants thereof, as required by the ninth decretal paragraph of the said judgment.
Defendant not only resists plaintiff’s motion, but cross-moves to punish plaintiff for contempt of court for her alleged violation of the judgment (1) “ which among’ other things permitted the defendant to remain in possession of said property and in that the plaintiff forced her way into said premises and evicted the defendant therefrom ”; (2) “in wilfully deliberately and fraudulently making application for and obtaining an order appointing her as Receiver in sequestration on wilful, false, fraudulent and perjurious affidavits and to direct an inquiry to determine the responsibility for the preparation and submission of such wilful, false and perjurious affidavits ”; (3) “ directing the plaintiff to account to the defendant for all monies, income and rents received from the property * * * and to account to the defendant for the value of the premises occupied by the plaintiff in violation of the order of Mr. Justice Latham ” and (4) “vacating and setting aside the order [judgment] of Mr. Justice Latham dated and entered the 2nd day of April 1959 on the ground that the stipulation upon which said order was entered was misunderstood and misinterpreted by the defendant and that he was not properly advised of his rights and in that the defendant was advised that his rights to declaratory judgment or annulment survive the said decree ”.
The cross motion is in all respects denied. Upon the papers submitted, the court cannot find that the plaintiff violated any of the provisions of the judgment. The stipulation, upon which the provisions of the judgment here sought to be enforced is *995 predicated, partakes of the nature of a contract that can he set aside on no less grounds. (Bond v. Bond, 260 App. Div. 781.)
The plaintiff brought two actions against her husband (1) for a separation and (2) to impress a trust on property known as 86-11 57th Avenue, Elmhurst, Queens County, New York. In the separation action, the defendant had interposed an answer containing a counterclaim for an annulment. This answer was withdrawn pursuant to a stipulation entered into between the parties and their attorneys settling their differences in both actions, the substance of which was spread upon the record in open court when the inquest was taken by the plaintiff, with counsel for the defendant present and participating. Proposed findings of fact and conclusions of law and the proposed judgment embodying the terms of the stipulation were settled on notice, and signed by the court on April 2, 1959.
The nebulous grounds now urged by the defendant that he misunderstood and misinterpreted the stipulation and that he was not properly advised of his rights do not, under the circumstances, constitute sufficient basis for rescission. (Matter of Callahan, 106 Misc. 202, affd. 188 App. Div. 944; Morris v. Press Pub. Co., 98 App. Div. 143.)
As for plaintiff’s motion to punish the defendant for contempt, his affidavit does not deny that he failed to pay the $22 weekly alimony from February 25, 1959; that he failed to pay counsel fees in the sum of $87.50 ; that he failed to pay security in the sum of $200; that he removed from the premises an air conditioner and a refrigerator and that he failed to pay oil bills amounting to $372.69.
As for defendant’s refusal to execute the papers necessary to effectuate the sale of the premises, however, the situation is not as clear. The sixth decretal paragraph of the judgment required the premises to be sold and the attorneys for the respective parties were “ authorized and empowered to take all steps and proceedings necessary to effect the sale of said premises, and to arrange for and negotiate the terms of said premises, and the selling price of said premises, and to direct in every respect the sale of said premises, and to attempt to procure a purchaser for said premises, and to advertise the sale thereof and to arrange for the sale thereof, if necessary, by auction ”. It was further provided that the plaintiff was to receive 75% of the proceeds of the sale and the defendant 25%, payments to be made to the respective attorneys for their respective clients, after deducting from the sale price any and all arrears for real estate taxes, mortgage payments, highway assessments, water and sewer charges, brokerage commissions *996 and attorneys’ fees, if any, earned in connection with the sale, and the parties were directed to sign and execute any and all contracts, deeds, instruments and other documents necessary to effect the sale and transfer of title to the premises.
It would seem that the attorneys for the parties were unable to and, in fact, did not agree to the sale of the premises. Indeed, the defendant obtained a new attorney on or about June 4,1959. Inasmuch as the judgment contained no express time limitation in which the attorneys could effectuate the sale and the parties appear to be unable to agree on a price for the premises to be sold, the time has come for them to invoke so much of the judgment as provides ‘1 to advertise the sale thereof and to arrange for the sale thereof, if necessary, by auction ”.
Accordingly, plaintiff’s motion is granted, except insofar as it seeks to punish defendant for contempt for his failure to execute any instruments to effectuate the transfer of the premises in question, without prejudice to renewal following the sale thereof by “auction”. The defendant is fined the amount of the arrears and may purge himself by paying the same within 20 days of the service of a copy of the order to be entered hereon, with notice of entry, and restoring the air conditioner and the refrigerator, failing which he may be committed upon notice.
Settle order.