■ MORRIS BOBIS et al., Respondents, v. SIGMUND RAWICKI et al., Appellants.— Order and judgment of the Supreme Court, Kings County, dated respectively October 19, 1966 and October 21, 1966, reversed, on the law, without costs, and plaintiffs' motion for summary judgment and incidental relief denied. Plaintiffs' motion, in effect, was to enforce an alleged stipulation settling the action. In our opinion, the motion should have been denied, as plaintiffs failed to establish that the parties had reached an agreement on the terms of the proposed settlement. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ AUDREY K. CARLO, Respondent, v. LOUIS G. CARLO, Appellant.— In an action for separation, in which the defendant-husband counterclaimed for annulment, he appeals from so much of an order of the Supreme Court, Westchester County, dated July 18, 1967, as allowed plaintiff $420 for counsel fees and for obtaining a transcript of the stenographic minutes of the trial, in the prosecution of her appeal from the judgment rendered after trial. Order affirmed, with $25 costs and disbursements. The allowance granted rested within the discretionary power of the Special Term (Math v. Math, 28 A D 2d 723; Martin v. Martin, 28 A D 2d 897). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ IRWIN COHEN, Appellant, v. PETER HABERKORN et al., Respondents.— Appeal by plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated December 6, 1966, as, upon reargument, granted defendants' motion to vacate, for lack of jurisdiction, a default judgment entered against them. Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements, and motion denied, without prejudice to any motion which defendants may be advised to make to open their default, upon a proper showing that the default was excusable and that a meritorious defense exists. A nondomiciliary who enters this State to receive medical treatment thereby "transacts * * * business within the state," within the meaning of CPLR 302 (subd. [a], par. 1), and is, therefore, amenable under that statute to the jurisdiction of our courts in an action by the physician to recover the value of the services rendered; and in personam jurisdiction may be acquired over such nondomiciliaries by service of process without the State (CPLR 313). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.