Samuel S. Tripp, Spec. Ref.
In this action for an accounting of the proceeds of sale of real and personal property and for the division thereof, Mr. Justice Crawford rendered a decision in plaintiffs’ favor dated January 30, 1969 and an interlocutory judgment dated March 26, 1969. Therein the court, inter alia, adjudged “ that defendant received the deed from plaintiffs to premises 147-20 109th Avenue, Jamaica, New York, as Trustee, and that the proceeds of the sale of said premises * * * are held in trust by defendant for plaintiffs, each of whom is entitled to one-fourth of said proceeds, with due allowance to defendant of $400.00 already paid by defendant to plaintiff James Edwards ’ ’.
The aforesaid interlocutory judgment referred to the undersigned any issues raised by plaintiffs’ objections to defendant’s *417 accounting for the proceeds of the subject property, “to hear and determine, to take and state the account and render final judgment accordingly as to the amount due each plaintiff with taxable costs and disbursements ”.
At the hearing before me on June 2, 1969 the facts were stipulated by the respective attorneys in open court in the presence of the defendant (Bond v. Bond, 260 App. Div. 781) and a decision in accordance was rendered that date and filed in the office of the County Clerk on June 4, 1969 directing final judgment to be settled on five days’ notice.
Subsequent to the filing of that decision, the plaintiff Ann Howell, died. Nevertheless, the final judgment proposed by plaintiffs’ attorney, incorporating therein the trust provision contained in the interlocutory judgment, required final judgment to be entered in the names of the original parties, including the deceased plaintiff Ann Howell. By letter dated June 24, 1969, defendant’s attorney objected to the inclusion of the trust provision as well as the rendition of final judgment in favor of the deceased plaintiff.
The final judgment originally proposed having been rejected for defects in form, a new one was settled by plaintiffs’ attorney which again incorporated the matter to which objection was originally made. That judgment, amended only as to matters of form, has been signed.
There is no merit to either objection interposed by defendant’s attorney.
(a) "Whatever the ultimate legal effect of the trust provision may be, plaintiffs ’ rights established in the interlocutory judgment would be diluted to their prejudice were the trust provision not included in the final judgment which adjudges the dollar amount due each plaintiff aggrieved.
(b) CPLR 5016 (subd. [d]), taken from section 478 of the Civil Practice Act without change of substance, prescribes the impact of the death of any party to an action as follows: “ No verdict or decision shall be rendered against a deceased party, but if a party dies before entry of judgment and after a verdict, decision or accepted offer to compromise pursuant to rule 3221, judgment shall be entered in the names of the original parties unless the verdict, decision or offer is set aside.”
Inasmuch as the decision dated June 2 and filed on June 4, 1969 has not been set aside and plaintiff Ann Howell died subsequent thereto, it is proper to enter judgment in the names of the original parties. CPLR 105 (subd. [i]) defines “judgment” to mean “a final or interlocutory judgment ”«