Jack Stanislaw, J.
Plaintiffs move to vacate a prior order of this court, dated April 22, 1968, granted on their own application, to permit them to discontinue their negligence action *385 against defendant Margaret Grulutz, the mother of the injured plaintiff. Said order was granted without opposition, and was supported (1) by a stipulation of discontinuance executed by plaintiffs’ attorneys and said defendant’s attorneys, and (2) by an affidavit made by both plaintiffs. That affidavit states that there is a pending motion, brought by said defendant, to dismiss the action against her on the ground that the injured plaintiff is her daughter and at the time of the subject accident she was 15 years of age, residing in said defendant’s household and supported by her parents; that plaintiffs have been advised by counsel that, under such circumstances, plaintiff Mary Ann Hinds was an unemancipated minor, not qualified to sue her mother; and that they have, therefore, requested and instructed their attorneys to discontinue the action against said defendant and proceed only against defendants Island Transportation Corp. and Domenick Berardi.
Plaintiffs now seek to reinstate their complaint against defendant Margaret Grulutz, on the ground they have since been advised of a recent case holding that the relationship between mother and child is no longer a bar to an action grounded in negligence.
It is well settled that a stipulation between parties or their attorneys, reduced to a writing subscribed by the parties or their attorneys or to an order which has been entered, becomes a binding agreement (CPLR 2104; Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435); and that the authority of the court to relieve a party from the scope of a court-approved stipulation is an exercise of discretion which cannot he invoked without a showing of good cause therefor (Matter of Shaver, 282 App. Div. 816; Matter of Callahan, 106 Misc. 202, affd. 188 App. Div. 944), “ such as fraud, collusion, mistake, accident, or some other ground of the same nature ” (Campbell v. Bussing, 274 App. Div. 893). No such ground has been shown in this case. Any claims of mutual mistake must he viewed in accord.ance with the law and the circumstances which existed at the time the stipulation was made and the order entered. At that time, the reasons relied on by plaintiffs for discontinuing their action against the mother of the injured plaintiff were valid.
Moreover, a court may relieve a litigant of the terms of a stipulation only when the parties can he placed in status quo (Campbell v. Bussing, supra; Van Nuys v. Titsworth, 57 Hun 5, 7; Humphries v. Shapiro, 187 App. Div. 96). Were it not for the stipulation of discontinuance and the April 22, 1968 order entered on plaintiffs’ own motion, supported by their affidavit requesting the discontinuance, the motion brought by defendant *386 Margaret G-ulutz to dismiss the action against her on the merits would have been granted on the facts and the law. The applicable Statute of Limitations with respect to that action has now run. Thus, the parties cannot now be restored to their former position. The motion, therefore, is denied.