Bertram Harnett, J.
Petitioner, Loretta Slochowsky, moves pursuant to CPLR 5104 and section 753 of the Judiciary Law for an order to punish the Nassau County Department of Social Services for contempt of an order of this court, incorporating a stipulation between the parties dated April 13,1972. The county in response asks that the stipulation and order be vacated.
The dispute arose after Mrs. Slochowsky, a recipient of supplemental public assistance, brought an article 78 proceeding in January, 1972 claiming that the procedures used to terminate her assistance grant did not comply with the applicable regulation (18 NYCRR 351.26). After several adjournments of the proceeding, a stipulation was signed by the attorneys for both *670 parties, stating that the regulation had not been followed and that Mrs. Slochowsky’s February, March and April grants would be issued as well as subsequent grants until the requisite termination procedures were followed. Both sides agreed that the stipulation could be “ so ordered ’ ’ by the court, which was done on April 13, 1972. However, to date, Mrs. Slochowsky’s grants have not been issued.
The county argues that the stipulation and order are not binding because when the stipulation was signed, the Social Services Department and its attorney were not aware that an internal hearing had been held on December 29, 1971 before the decision to suspend assistance was made.
It is doubtful that respondent can escape the effect of its stipulation without formally moving to vacate. (Gardner v. Board of Educ., 28 A D 2d 616; Skinner, Cook & Babcock v. Fourth Church of Christ, 238 App. Div. 573; Wolf v. Bergano, 263 App. Div. 825.) However, on the merits, this claimed “ mistake of fact” is not persuasive since (1) the petition in the article 78 proceeding itself acknowledged on its face that the internal hearing was held and contested the suspension of the grant on the grounds that the hearing was defective and that notice of decision was not given as required by 18 NYCRR 351.26; (2) subsequently, when a letter purporting to be the required notice was sent on January 24, 1972, petitioner’s attorney notified respondent’s attorney in writing that the letter failed, in his opinion, as notice of a decision to comply with the regulation in that it did not sufficiently set forth reasons, nor did it indicate who made the decision; (3) the stipulation itself referred to •the “ pre-termination hearing and (4) the hearing was conducted by county officials of the Social Services Department. Under these circumstances, it is clear that both the Social Services Department and its counsel were fairly chargeable with knowledge of the prior internal hearing before the stipulation was signed.
Moreover, the stipulation is not vitiated by the fact that it was executed by the Deputy County Attorney assigned to the matter, rather than the County Attorney himself. Deputy County Attorneys ‘ ‘ act generally for and in the place of the county attorney in reference to the particular branch of work assigned to them ”. (Nassau County Administrative Code, ch. XI, § 11-2.0; L. 1939, ehs. 272, 701-709, as amd. See County Law, § 502.) There is no doubt that the Deputy County Attorney here was assigned to Social Services Department litigation, and indeed has appeared many times in that capacity before this very court. The Appellate Division, Second Department, has expressly *671 upheld the binding stipulatory authority of a Deputy County Attorney of Nassau County. (Matter of Deering Realty Corp. v. Podeyn, 18 A D 2d 821.)
While the court expresses no view on the merits of the underlying article 78 proceeding settled by the stipulation, it is apparent at least that the petitioner’s challenge of the notice of decision is not frivolous and that the terms of the stipulation are not overreaching. Accordingly, no basis for repudiating or destroying the stipulation has been shown. (See CPLR 2104; 2 Carmody-Wait 2d, New York Practice, § 7:1; Campbell v. Bussing, 274 App. Div. 893; Bond v. Bond, 260 App. Div. 781; Hinds v. Gulutz, 61 Misc 2d 384; Ives v. Ives, 80 Hun 136.) Moreover, petitioner alleges, and the county does not deny, that she has relied upon the representation that the past assistance payments would be made, to her detriment in delaying submission of the mandamus proceeding. (See Matter of Broslin, 241 App. Div. 700.) The county may still move to protect its view of the public interest as to future payments by following the prescribed lawful procedures.
The county’s noncompliance with this court’s order, apparently based on its legal objections which are only now found to be invalid, does not appear to be willful, and therefore the motion to punish for contempt is denied. However, the effect of this decision is to leave the stipulation and order unchanged and the county is accordingly under a duty to comply forthwith.