Frank Composto, J.
The defendant moves for an order extending its time to answer or otherwise move with respect to the complaint, until 10 days after the conclusion of a criminal prosecution pending against it and many other individuals engaged in waste removal.
The State of New York, plaintiff, in opposition, exhibits a stipulation between counsel dated December 10, 1974, extending until December 27, 1974 defendant’s time to answer or otherwise move. The stipulation expressly waives the right of the defendant to move the court for additional time.
The action, in nature a quo warranto proceeding, seeking to annul the corporate charter of the defendant for unlawful and unauthorized acts, was instituted on November 20, 1974. On December 10, 1974, the date of the stipulation, supra, the defendant had already had the usual 20 days and the extension added 17 more. Instead of answering, the defendant moved 18 days later on January 14, 1975, for the relief sought herein, making a total of 55 days or nearly two months without answer. More days will be consumed in consideration of the motion.
The foregoing facts are stated to indicate that despite its claim to the contrary, nothing harsh or unjust has been imposed on this defendant which would justify relieving it of the express agreement between competent counsel. The cases, Bobis v Rawicki (30 AD2d 530) and Bond v Bond (260 App Div 781) cited by the defendant, do not support its stand.
In Bobis, the plaintiff was shown not to have proved that the settlement alleged, deprived her of legal rights. Here, the stipulation is explicit, direct and containing no ambiguity. In Bond, while regarding it to be well settled that courts have the power to relieve from an unjust and harsh stipulation, it stated that the stipulation between the parties and counsel in the presence of the court was in the nature of a contract, and reversed an order vacating the stipulation. Other cases cited by the defendant on this proposition, are also inapplicable.
*176 The objection that an answer interposed at this time would compel disclosure of defenses, usable in the criminal prosecution and thus deny to the other indicted individuals their constitutional privilege against self incrimination, is without basis. Firstly, the affirmation in support of this motion already denies that the corporation or the other defendants in the criminal proceeding ever violated the General Business Law, the Penal Law or that they have engaged in anticompetitive conduct. Restatement in an answer would disclose nothing additional. Secondly, the defendant is a corporation which cannot plead the protection against self incrimination, for itself and certainly not for others. Such claim is personal and individual. Officers of a corporation cannot claim it on behalf of the corporation or refuse to produce the books of the corporation which may disclose individual criminality (Hale v Henkel, 201 US 43, an early case repeatedly cited). Oleshko v New York State Liq. Auth. (29 AD2d 84, affd 21 NY2d 778) states that a person or corporation fearing prejudice and loss of constitutional rights, is required to specifically state in advance how they will be lost. This has not been shown by this defendant. United States v Christiansen (356 F2d 986, cert den 384 US 962) states that an order to produce corporate books and records does not violate an individual’s privilege against self incrimination. In sum, then, it does not appear that any rights of the defendant or of the indicted defendants will in anywise be affected by requiring this corporate defendant to answer the complaint. Moreover, as stated in the affidavit of Hyman Amsel, Assistant Attorney-General, two of the principal officers of the defendant corporation have been granted immunity by the Grand Jury, Kings County.
The defendant has had more than ample time to put the case at issue. No compelling reasons have been presented for awaiting disposition of the criminal case with some 55 defendants, which may well take many months even years to conclude. Nor may the State of New York be stayed from pursuing the action to restrain conduct which it endeavors to prove is ultra vires and violative of State laws. To permit this to occur would be in effect a grant of injunctive relief. Defendant has not demonstrated entitlement to such drastic remedy.
Accordingly, the motion is denied with leave to the defendant to answer within 20 days after service with notice of entry of a copy of the order to be entered herein.